## FULTON v. STATE

[No. 50, September Term, 1960.]

*Decided December 7, 1960.*

The cause was argued before BRUNE, C. J., and HENDER-SON, PRESCOTT and HORNEY, JJ.

*James B. Davis,* with whom was *Victor L. Crawford* on the brief, and *Joseph Rosenthal,* with whom was *Norman N. Yankellow* on the brief, for appellant.

*Stedman Prescott, Jr., Deputy Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, Leonard T. Kardy* and *Harper M. Smith, State's Attorney* and *Assistant State's Attorney for Montgomery County,* respectively, on the brief, for appellee.

PER CURIAM.

The appellant was tried and convicted of possession of

marijuana in violation of the Code (1957), Article 27, Section 277, by a judge and jury in the Circuit Court for Montgomery County.

The indictment charged the possession as having been on August 3, 1959. The appellant makes two contentions: that the State failed to establish possession on August 3, 1959; and that the testimony of his two accomplices, one of whom was granted immunity, was not corroborated. Neither contention is substantial. The State was not confined in its proof to the date alleged in the indictment. *Yanch v. State,* 201 Md. 296, 93 A. 2d 749; *Mazer v. State,* 212 Md. 60, 67, 127 A. 2d 630; and cases therein cited. The appellant's own testimony at the trial, his admissions to the police officers and the additional evidence adduced by the State amply corroborated his alleged accomplices (for the purposes of this case, we assume, without deciding, that the witnesses Jay and Betty Kaiser were accomplices of the appellant), and were sufficient to support the verdict of the jury. Cf. *Peachie v. State,* 203 Md. 239, 100 A. 2d 1.

> *Judgment affirmed, appellant to pay the costs.*