## SIPPIO *v.* STATE

[No. 158, September Term, 1961.]

*Decided January 25, 1962.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Frank Cannizzaro, Jr.,* for appellant.

*Thomas W. Jamison, III, Assistant Attorney General,* with
whom were *Thomas B. Finan, Attorney General, Saul A.
Harris* and *John Paul Rogers, State's Attorney* and *Assistant
State's Attorney,* respectively, of Baltimore City, on the brief,
for appellee.

HAMMOND, J., delivered the opinion of the Court.

The appellant Sippio was convicted in the Criminal Court
of Baltimore in May, 1961 on Indictment No. 1759, which

charged him with larceny of money from a delivery truck. In his appeal he contends that there was insufficient evidence of identity, that the State failed to prove the existence of the corporation alleged in the indictment to have been the owner of the stolen money or that the money belonged to the corporation, as well as that revocation of his probation on a former conviction must be stricken upon reversal of the conviction appealed from.

The delivery truck driver identified Sippio as the man who opened the door of the truck and ran off with the money box. The identification is claimed to have been tainted and illusory because (a) the police directed attention to a photograph of the suspect and (b) because he was the only man in the five-man line-up who wore a brown jacket (as did the thief at the time of the theft). There was a conflict in the testimony as to whether the police inspired identification of Sippio's picture, which was for the trial court (who sat without a jury) to resolve, as was the fairness, reliability and sufficiency of the identification in the line-up. *Presley v. State,* 224 Md. 550, 556-7.

We think the appellant must prevail in his other contentions relating to his conviction for larceny. "It is fundamental * * * that in a prosecution for larceny one of the essential elements to be proved is the ownership of the stolen property; and, when ownership is claimed to be in a corporation, the claim must be supported by evidence." *Richardson v. State,* 221 Md. 85, 88.

The accused is entitled to be informed of the exact accusation against him and to have the proof substantiate that accusation beyond reasonable doubt. *State v. King,* 95 Md. 125. The indictment alleged that Sippio stole two hundred one dollars forty-four cents of "Panzer Pickle Co., Inc., a corporation." The only specific reference in the testimony to the company is. in the first question asked the truck driver: " * * * you are employed by the Panzer Pickle Company, is that correct?" to which the answer was, "Yes, sir." There was no testimony that the firm was a corporation, no reference to its organization or activities, no detail of the relationship between the firm and the driver except that he was employed to drive a

truck "for them" (the use of the personal plural "them" rather than the impersonal "it" somewhat negates a corporate entity).

It was not indicated whether the driver drove Panzer's truck or drove under contract, his own or a rented one. It was not shown whether the money stolen belonged to Panzer or to the driver under some arrangement whereby he was responsible for the merchandise in the truck, and the money collected on its delivery. He testified: "I had my money hid— I took my money to the front where I could see where it was at—I was robbed," all of which would support the inference that the money was his.

The most satisfactory proof of corporate existence is production of authenticated articles of incorporation and additional proof that the company is conducting business under its corporate name. It is generally held that in a criminal prosecution such formal proof is not requisite and that corporate existence may be proved orally. In the *Richardson* case, quoted from above, Judge Prescott, for the Court, reviewed the authorities and showed from the cases cited that testimony, unobjected to, that the owner was a corporation has been held sufficient, as has testimony that a firm had officers and directors and capital stock and functioned actively.

*Richardson* held that various references throughout the trial to the correct corporate name, including some by counsel for the accused, coupled with apparent acquiescence in the general assumption that the owner of the stolen property was a corporation was sufficient. In the case before us the single reference to the company name (which did not include the "Inc." used in the indictment) was not, we think, sufficient.

More significant is the fact that there was no direct evidence that the stolen money belonged to the Pickle Company and the implications of the testimony of the only prosecution witness, the truck driver, were that it was his.

We are not unmindful of the great volume of criminal cases tried in Baltimore or of the pressure under which the lawyers in the State's Attorney's office of that city and the Judges in its Criminal Courts work daily, but an accused can be validly convicted only by evidence sufficient to permit the

trier of fact to be convinced beyond a reasonable doubt that there has been shown every essential element of the crime charged. The State did not produce such evidence in the case before us and the conviction must be reversed.

Four months before his conviction of larceny, Sippio had been convicted in the Criminal Court of Baltimore by Judge Niles, on Indictment No. 4696, of unauthorized use of a motor vehicle, and had been placed on probation. Judge Cullen sentenced him to three years on the larceny conviction and having just before been informed he was on probation, then said: "Revocation of your probation to run consecutive."

Appellant did not object below but claims now that the reversal of the larceny conviction requires the striking of the revocation of probation. We do not agree. The evidence showed clearly that Sippio had stolen money from some one and so had violated the standard condition of his probation that he conduct himself in a law-abiding manner. No point is made that Judge Cullen failed to follow the provisions of Sec. 279 of the Public Local Laws of Baltimore City *(Charter and Public Local Laws of Baltimore City* (Flack's 1949 ed.)), construed in *Edwardsen v. State,* 220 Md. 82, 89, requiring written charges, a hearing and a reasonable opportunity to the accused to refute the charges. We think the substance of the statutory requirements was there. Sippio and his lawyer were fully aware of the charges and the likelihood of revocation of probation, and were offered an opportunity to be heard after the finding of guilt and before sentence was imposed and probation revoked, and neither spoke.

> *Judgment in Indictment No. 1759 reversed and case remanded for a new trial, the mayor and city council of Baltimore to pay the costs. Revocation of probation and reinstatement of judgment and sentence in Indictment No. 4696 affirmed.*