## CALLEN v. WARDEN OF MARYLAND PENITENTIARY

[App. No. 106, September Term, 1965.]

*Decided September 20, 1966.*

Before HAMMOND, C. J., and HORNEY, MARBURY, OPPENHEIMER, BARNES and McWILLIAMS, JJ.

PER CURIAM.

In the order of the judge below denying post-conviction relief all contentions of the applicant were adequately answered except his claim that he is entitled to such relief because his

confession was obtained without any warning of his right to remain silent and that his request for counsel during police interrogation was refused. No findings of fact or conclusions of law are in the judge's order relative to this contention, probably due to the fact that it was abandoned at the hearing below. We shall therefore adopt the trial judge's order as to all of the contentions answered therein and answer the last one ourselves.

There are several reasons why the claim is of no avail to the petitioner. His application for leave to appeal contains no statement of reasons as to why the lower court's order should be reversed or modified as required by Maryland Rule BK 46 b. In addition, applicant took the stand at his original trial and substantiated his statement. Moreover this Court affirmed petitioner's convictions on October 22, 1963, some 8 months before the Supreme Court's decision in *Escobedo v. Illinois,* 378 U. S. 478. Both the Supreme Court and this Court have held that *Escobedo* is not to be applied retrospectively to convictions which became final before its date. *White v. Warden,* 240 Md. 736; *Hyde v. Warden,* 240 Md. 661.

For the above reasons, the application must and will be denied.

*Application denied.*