## RUSSELL CHERRIX *v.* WARDEN, MARYLAND PENITENTIARY

[No. 20, Initial Term, 1967.]

*Decided March 10, 1967.*

Before ANDERSON, MORTON, ORTH and THOMPSON, JJ.

PER CURIAM.

This is an application for leave to appeal from an Order of May 20, 1966, by Judge C. Burnam Mace, sitting in the Cir-

cuit Court for Worcester County, denying the Petitioner's application for relief under the Uniform Post Conviction Procedure Act.

On April 1, 1958, the Petitioner pleaded guilty to two charges of armed robbery in the Circuit Court for Worcester County and was sentenced to a total of thirty years in the Maryland Penitentiary. No appeal was taken from the convictions and sentences and this is the Petitioner's first application under the Uniform Post Conviction Procedure Act.

From the original and amended petition the Petitioner's contentions may be summarized as follows:

1. He was denied counsel at time of arrest.
2. He was arrested without a warrant.
3. His person and home were searched without a warrant.
4. State witnesses gave perjured testimony with approval of State's Attorney.
5. Incompetency of counsel.
6. He was denied a preliminary hearing.
7. He was not in Maryland at time of offense.

Judge Mace appointed counsel for the Petitioner and conducted an evidentiary hearing on April 22, 1966. He made a factual finding that following an armed robbery on November 27, 1957, in Worcester County, one of the accused admitted participating therein and implicated the Petitioner. The Petitioner was apprehended in Virginia, consented to a search of his home there, waived extradition, and upon his return to Worcester County voluntarily gave a full statement to the State's Attorney and police after being fully advised of his constitutional rights. Thereafter, he was indicted without a preliminary hearing, on two charges of armed robbery and at the arraignment on February 4, 1958, pleaded not guilty. On the same day counsel was appointed for him and on April 1, 1958 his case, and that of the co-defendants, was called for trial. The Petitioner changed his pleas to guilty on both charges and was sentenced to twenty years and ten years on the respective charges, the sentences to run consecutively.

As to the first contention, Judge Mace found that the Petitioner did not request counsel nor was he denied counsel at the time of his arrest. It has been held that "There is, as yet, no

constitutional requirement that a lawyer be furnished a person suspected of crime at the time of his arrest." *Walls v. Warden*, 242 Md. 401 (1966). Under any circumstances, the Petitioner's convictions became final long before the principles enunciated in *Escobedo v. Illinois*, 378 U. S. 478, 84 S. Ct. 1758, 12 L. Ed. 2d 977 (1964), which are not retroactively applied. *Hyde v. State*, 240 Md. 661, 666 (1965); *Brewster v. Warden*, 243 Md. 688 (1966); *Callen v. Warden*, 243 Md. 714 (1966); *Johnson v. New Jersey*, 384 U. S. 719, 86 S. Ct. 1772, 16 L. Ed. 2d 882 (1966).

The Petitioner's second contention is without merit. It appears that the local police, knowing a felony to have been committed, had information from one of the accused implicating the Petitioner who was apprehended by the Virginia authorities as a result of an official request by the local authorities. We agree with Judge Mace that there was ample probable cause for the Petitioner's arrest. *Bichell v. State*, 235 Md. 395 (1964).

With respect to the third contention, Judge Mace found that the search was made with the Petitioner's consent. In any event, none of the "fruits" of the search were used at the trial and, accordingly, the contention is without merit. *Baldwin v. Warden*, 243 Md. 326 (1966). In addition, a guilty plea, freely and intelligently made, which Judge Mace found to be present in the Petitioner's case, has been held to waive the defects inherent in an unlawful search and seizure. *Treadway v. Warden*, 243 Md. 680 (1966).

As to the fourth contention, no perjured testimony could have been given since no testimony was taken at the trial in view of the guilty pleas.

With respect to the fifth contention, Judge Mace found as a fact that the Petitioner's court appointed counsel afforded him genuine and effective representation. Errors of counsel, however, are not sufficient cause for post conviction relief unless they are such as to affect the fairness of the trial which is certainly not the case here. *Pressley v. Warden*, 242 Md. 405 (1966).

The Petitioner's sixth contention is groundless. Under Maryland law a preliminary hearing is not required. *Arrington v. Warden*, 232 Md. 672 (1963); *Pressley v. Warden*, supra.

The seventh contention goes to his guilt or innocence and is not subject to review in a post conviction proceeding. *Sturgis v. Warden,* 241 Md. 728 (1966).

We find no error in Judge Mace's findings and conclusions.

*Application denied.*