## UZELL WATSON v. WARDEN, MARYLAND PENITENTIARY

[No. 117, Initial Term, 1967.]

136

*Decided September 29, 1967.*

Before ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

This is an application for leave to appeal from an order of Judge Dulany Foster, sitting in the Criminal Court of Baltimore, dismissing the applicant's fourth petition under the Uniform Post Conviction Procedure Act. Judge Foster's order was filed October 7, 1966 and this application for leave to appeal was filed October 18, 1966.

Applicant was convicted October 25, 1954 in the Criminal Court of Baltimore of murder in the first degree and was sentenced to life imprisonment. The conviction was affirmed by

the Court of Appeals. *Watson v. State,* 208 Md. 210. His first petition under the Act was denied without a hearing on December 19, 1958 and no application for leave to appeal was noted. Applicant's second petition was denied without a hearing on November 17, 1961, and his application for leave to appeal was also denied. *Watson v. Warden,* 228 Md. 653. On August 20, 1962, applicant's petition for a writ of *habeas corpus* in the U. S. District Court was dismissed without prejudice to allow petitioner to exhaust his State remedies. His petition for rehearing was also denied on September 18, 1962. Applicant's third petition under the Uniform Post Conviction Procedure Act was denied without a hearing on October 9, 1962, and the application for leave to appeal was likewise denied. *Watson v. Warden,* 230 Md. 643. Applicant's second petition for a writ of *habeas corpus* was denied on October 22, 1962. A third petition for a writ of *habeas corpus* was filed by the applicant on April 24, 1963 in the U. S. District Court. As a result of that petition, Chief Judge Roszel C. Thomsen directed that the applicant be granted a full evidentiary hearing in the State Courts on four allegations of error. The applicant's fourth petition for post conviction relief, made pursuant to that order, was filed June 29, 1966. The four allegations designated by Judge Thomsen are as follows:

1) The applicant was illegally arrested.
2) A confession used against the defendant was obtained in violation of the rule in *Escobedo v. Illinois,* 378 U. S. 478.
3) Suppression of evidence by the police.
4) Perjury by the police.

The applicant made several other allegations of error, which can be summarized as follows:

5) The section of the Uniform Post Conviction Procedure Act providing that the petitioner may be deemed to have waived certain allegations of error if not raised in prior petitions or at trial is unconstitutional.
6) The evidence was legally insufficient.
7) That he was denied Fourteenth and Sixth Amendment

Rights by being himself with his attorney excluded from the indictment proceedings before the grand jury.

8) That members of his race were systematically excluded from the grand jury which indicted him.

9) That the grand jury necessarily had to declare a belief in God.

10) That there was no opportunity for him to aid in the selection of the grand jury.

In his application for leave to appeal, in addition to reiterating the above allegations, the applicant alleged:

1) That he did not receive a full evidentiary hearing on all four points mentioned by Judge Thomsen.

2) Judge Foster flatly refused to hear testimony on the allegations 5-10.

3) That his counsel at the hearing before Judge Foster was inexperienced and inadequate.

4) That Judge Foster was prejudiced against the applicant. We shall discuss these allegations in the order above.

As to the first allegation, the applicant testified that nothing was seized from him at the time of his arrest. An illegal arrest, in and of itself, does not vitiate a trial, *Ledbetter v. Warden,* 234 Md. 643, and as no "fruits" of the arrest were used against the applicant in his trial, the legality, *vel non,* of his arrest is immaterial. *Ross v. Warden,* 1 Md. App. 46. In any event, since the applicant's conviction became final before June 19, 1961 any relief from alleged searches and seizures under *Mapp v. Ohio,* 367 U. S. 643, would not be available to him as *Mapp* is not retroactive. *Lee v. Warden,* 240 Md. 721.

As to the second allegation, the applicant is not within the ambit of *Escobedo v. Illinois,* 378 U. S. 478 and *Miranda v. Arizona,* 384 U. S. 436, as neither are to be applied retrospectively. *Callen v. Warden,* 243 Md. 714; *Cooper v. State,* 1 Md. App. 190. If the applicant's confession was freely and voluntarily made, it was properly admissible. *Bagley v. Warden,* 1 Md. App. 154. At the hearing below, Judge Foster found that the confession was voluntary, after considering evidence produced at the hearing and after carefully reviewing the transcript of the applicant's trial. We cannot say that Judge Foster's find-

ings were erroneous from the record before us and hold that the applicant is not entitled to relief under his second allegation of error.

As to the third allegation, the applicant contends that the police suppressed the statement of one Odell Thomason, which it is alleged, would have had some bearing on the outcome of the trial. Judge Foster found that the applicant did not know the content of the alleged statement and did not know how the statement would have aided him, and it is not clear that such a statement, in fact, existed. Thus, this contention is no more than a bald allegation without supporting facts in the record and affords no basis for relief. *Hamm v. Warden*, 238 Md. 633.

As to the fourth allegation, the applicant contended that certain police officers perjured themselves at the trial, by testifying that he was arrested two days after he now says he was arrested. As was noted by Judge Foster below, applicant's own testimony at the trial corroborated that of the police as to the date of his arrest. Therefore, we agree with Judge Foster's determination that this allegation had no factual basis.

As to the fifth allegation, the applicant stated that he feels §645A of Art. 27, Md. Code, (1967 Replacement Volume) is unconstitutional in that it might prevent him from objecting later to violations of his right to due process which may have occurred at his trial. However, since none of applicant's allegations are here considered as previously waived by him, this statute has not prejudiced the applicant in any way, and he has no standing now to object to its constitutionality. See, *Sansbury v. Director*, 237 Md. 545.

Applicant's sixth allegation affords him no relief as the question of the sufficiency of the evidence for a conviction does not constitute a ground for post conviction relief. *Thornton v. Warden*, 241 Md. 715.

As to the seventh allegation, "The grand jury is an accusing body, and not a judicial tribunal; and it acts upon knowledge possessed by its members from any source, whether from witnesses brought before it, or from information gained before its sessions. * * * But it is an inflexible requirement that their investigations shall be carried on secretly and free from outside interference or influence; and great care is taken that they shall

be so carried on." *Coblentz v. State,* 164 Md. 558, 566-567. See, *Bernard v. Warden,* 187 Md. 273, 279-280. No attorney, other than the State's Attorney, his assistants, or someone appointed in their stead is permitted to attend the proceedings before the grand jury. *Coblentz v. State, supra,* at page 564. The appearance of any person before the grand jury attempting to influence the jury is not permissible. *Brack v. Wells,* 184 Md. 86, 95. It has been held that one who is being investigated by the grand jury has no right, constitutional or otherwise, to appear before that body. *Duke v. United States,* 90 F. 2d 840 (4th Cir. 1937) cert. denied 302 U. S. 685, rehearing denied 302 U. S. 775, (cited as authority in *Brack v. Wells, supra*) ; *United States v. Thompson,* 144 F. 2d 604 (2nd Cir. 1944) opinions by L. Hand, J. cert. denied 323 U. S. 790. In *Hitzelberger v. State,* 173 Md. 435 it was held that one under investigation who attempts to influence a member of a grand jury to present certain evidence in favor of that person may be held in contempt. It has also been held that one who merely solicits the grand jury to allow him to testify in his own defense may be held in contempt. *Commonwealth v. McNary,* 246 Mass. 46, 140 N. E. 255, 256 (cited with approval in *Hitzelberger v. State, supra.*) In light of the above authorities, we hold that neither applicant nor counsel representing him had any right to be present during the proceedings before the grand jury.

As to the eighth allegation, there was no evidence produced at the hearing below that the members of the applicant's race were systematically excluded from the grand jury which indicted him. Bare assertions of error without substantiation in the record, afford no ground for relief. *Jones v. Warden,* 244 Md. 720. See also *Giles v. State,* 229 Md. 370 ; *Jackson v. State,* 180 Md. 658 ; *Ross v. Warden,* supra.

The ninth allegation is without merit since the applicant's conviction became final before October 11, 1965 and *Schowgurow v. State,* 240 Md. 121, applies only to convictions not final as of that date. *Husk v. Warden,* 240 Md. 353.

As to the tenth allegation, the method of selection of the grand jury in Baltimore City is provided by statute. *Charter and Public Local Laws of Baltimore City* (Flack) 1949, §382,

383-384. The applicant clearly had no right to aid in the selection of the grand jury which indicted him and the allegation with regard thereto is frivolous and devoid of merit.

With regard to the additional four allegations made in the application for leave to appeal, we find, from the record, as to the first thereof, that the applicant did receive a full evidentiary hearing on all matters stated by Judge Thomsen. As to the second thereof, it appears from Judge Foster's memorandum that the applicant was given every opportunity to testify on behalf of his allegations. Judge Foster said, "Petitioner was given the opportunity to testify and did so at some length. * * * no evidence or argument was presented as to contentions seven and eight and they, therefore, must be deemed to have been abandoned." (Judge Foster considered these allegations on their merits in any event). We think it clear that the applicant was, in fact, given the opportunity to testify as to all his allegations of error and that this contention has no merit. As to the third thereof, the inadequacy of counsel at the hearing below, the applicant states only that his counsel was inexperienced and inadequate, without particularity. Such general allegations of incompetency afford no basis for relief. *Kiah v. Warden,* 232 Md. 653; *McCoy v. Warden,* 1 Md. App. 108, 118. In any event, the record before us does not disclose that at the hearing the applicant raised the question of the adequacy of counsel representing him at that hearing and there is nothing in the record to support the allegation. It is not properly before us. Maryland Rule, 1085. As to the fourth thereof, in asserting that the Judge at the post conviction hearing was prejudiced against him, the applicant cites the above three allegations as demonstrating that prejudice. As we have found those allegations not to be meritorious, the applicant cannot rely upon them in asserting the prejudice of the judge at the hearing below. *McCloskey v. Director,* 1 Md. App. 281. In any event, the record does not disclose that Judge Foster demonstrated prejudice in any way and on the contrary the applicant was afforded every opportunity to present and argue his allegations of error.

*Application denied.*