PRESTON V. HARGIS *v.* WARDEN,
MARYLAND PENITENTIARY

[No. 43, September Term, 1967.]

*Decided February 2, 1968.*

Before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

Petitioner was indicted and convicted on charges of armed robbery and murder. On June 2, 1965, he was sentenced by Judge Meyer M. Cardin, sitting in the Criminal Court of Bal-

timore, to terms of life imprisonment and twenty years, to be served concurrently. An appeal was filed on June 14, 1965, but was subsequently withdrawn on June 22, 1965.

Petitioner filed his petition under the Uniform Post Conviction Procedure Act on January 20, 1967. A hearing was held on March 23, 1967, before Chief Judge Dulany Foster in the Criminal Court of Baltimore and relief was denied in a memorandum and order filed on April 28, 1967. This application for leave to appeal was filed on May 19, 1967.

Applicant raises three contentions :

1. No representation by counsel at a preliminary hearing to determine if the jurisdiction of the Juvenile Court should be waived.
2. Incompetency of counsel.
3. Involuntary confession.

The application is granted and the case is remanded as to the third contention; as to contentions one and two, the application is denied for the reasons stated by Chief Judge Foster in his memorandum.

As to the third contention, petitioner alleged that when he was arrested he was fifteen years old and that his confession was "coerced, cajoled and compelled against his will." More specifically he alleges that he was denied assistance of counsel, that he was not advised of his rights to an attorney, or of his right to remain silent, and that "he was told by the officials that obtained the statements that the confessions would not hurt him since he was only a juvinile (sic) and that he would help himself in the eyes of the Judge by cooperating with them."

At his hearing, he made further allegations as to his confession :

"A. During the time this was going on, the time the statement was taken from me, I did not know what I was doing. All of these officers were standing around me; one would ask me a question and the other one would answer. I just said that to keep them from hitting me in my head with books. They had telephone books and black jacks * * * They told me I couldn't

have a lawyer; they told me I couldn't see my mother unless I did these things."

When answering this contention of involuntariness of the confession, Chief Judge Foster saw the petitioner as attempting to rely upon the doctrine of *Miranda v. Arizona,* 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966) which was held to be not retroactive in requiring the police to warn the suspect of his rights. *Young v. Warden,* 245 Md. 76. Thus, Judge Foster stated that the test was merely whether the statement was voluntary. To show that it was, an excerpt from the trial transcript (p.58) was quoted in which petitioner's attorney engaged in the following dialogue with his client:

"Q: Well, now, after you were taken into custody in school, you made this statement (indicating). Is that right?
A: Yes.
Q: You read this statement over, did you not?
A: Yes.
Q: And is that (indicating) your signature?
A: Yes.
Q: Was that statement made by you freely and voluntarily?
A: Yes.
Q: Did you tell the truth, and was it done freely?
A: Yes.
Q: Did anybody force you to make a statement?
A: No.
Q: Did anybody threaten you into making a statement?
A: No.
Q: Nobody threatened you?
A: No.
Q: Everything you said in here (indicating) you say was the truth. Is that right?
A: Yes."

Solely on the basis of this testimony it was held that the statement was voluntary.

While we agree with the basic standard used by the lower court, we do not feel that the lower court has sufficiently answered the allegations of involuntariness.[1] Petitioner's specific charge of the inducement that "the confessions would not hurt him" but "would help himself in the eyes of the Judge" was not even met by the court.[2] In addition, the dialogue which was taken from the transcript merely brings out conclusions as to voluntariness, it is not an adequate substitute for a full review of the facts and circumstances existing at the time of the statement.[3] It is evidence, however, of the voluntariness of the statement, and must be considered. Likewise, we think that the age

---

1. "Now all agree that a confession is not admissible in evidence against the prisoner, unless it was freely and voluntarily made. There is no difficulty in regard to the rule itself, the trouble is in the application of the rule to the facts of each particular case, that is, whether it was a free and voluntary confession, or whether it was procured by the influence of another under a hope of favor or advantage if made, or fear of harm or disadvantage of some kind if withheld. It is not, of course, an easy matter to measure in all cases, the force of the influence used, or to decide as to its precise effect upon the mind of the prisoner; much, very much, we may add, depends upon the age, the experience, the intelligence and character of the prisoner." *Biscoe v. State*, 67 Md. 6, 7.

2. Maryland has held that an inducement to the effect that a confession would "help" a defendant is sufficient to make a subsequent statement involuntary under certain circumstances. *Lubinski v. State*, 180 Md. 1. Maryland has also held that a statement by the authorities to the defendant that it would be "better" for him to confess may make a subsequent statement inadmissible. *Biscoe v. State*, 67 Md. 6; *Watts v. State*, 99 Md. 30; *Dobbs v. State*, 148 Md. 34 at 60, 61 (concurring opinion); *Edwards v. State*, 194 Md. 387; but cf. *Ralph v. State*, 226 Md. 480. But cases have also said that a mere exhortation to tell the truth would not amount to a prohibited inducement. *Deems v. State*, 127 M. 624; *Kier v. State*, 213 Md. 556; *Merchant v. State*, 217 Md. 61; *Burke v. Warden*, 239 Md. 701.

3. "* * * we cannot give any weight to recitals which merely formalize constitutional requirements. Formulas of respect for constitutional safeguards cannot prevail over the facts of life which contradict them. They may not become a cloak for inquisitorial practices and make an empty form of the due process of law for which free men fought and died to obtain." *Haley v. Ohio*, 332 U. S. 596, 601, 68 S. Ct. 302, 92 L. Ed. 224 (1948).

of this defendant is an important factor and must also be considered. *Haley v. Ohio,* 332 U. S. 596, 68 S. Ct. 302, 92 L. Ed. 224 (1948) ; *Biscoe v. State,* 67 Md. 6 ; see *Bean v. State,* 234 Md. 432.[4] While *Miranda, supra,* is not retroactive, *Johnson v. New Jersey,* 384 U. S. 719, 86 S. Ct. 1772, 16 L. Ed 2d 882 (1966), it has been held to be a significant factor in determining the issue of voluntariness. *Davis v. North Carolina,* 384 U. S. 737, 86 S. Ct. 1761, 16 L. Ed. 2d 895 (1966) ; *Westfall v. State,* 243 Md. 413. See *Clewis v. Texas,* 386 U. S. 707, 87 S. Ct. 1338, 18 L. Ed. 2d 423 (1967).

The Supreme Court has looked to the "totality of the circumstances" when examining a confession, *Fikes v. Alabama,* 352 U. S. 191, 77 S. Ct. 281, 1 L. Ed. 2d 246 (1957), *Clewis v. Texas, supra,* as has the Court of Appeals of Maryland in *Cunningham v. State,* 247 Md. 404 and this Court in *Keller v. State,* 2 Md. App. 623. We believe that the lower court should, in view of these cases, have made specific fact findings upon the contentions advanced.

It may be that petitioner's allegations will be shown to be completely fallacious upon further inquiry. But such must be shown since the issue has been raised below and has been considered by the Court.

A question that may be necessary to be determined is that of waiver. Under Md. Code (1967 Repl. Vol.), Art. 27, § 645A (c), an allegation of error would be deemed waived when the allegation could have been made before or at trial or on an appeal, or in previous proceedings, but the petitioner "intelligently and knowingly failed to make" it, unless the failure is excused by special circumstances. Since it might have been possible for applicant to have raised this question previously, an inquiry into this issue by the lower court may be unavoidable. *State v. Hance,* 2 Md. App. 162, 169 ; *Jones v. Warden,* 2 Md. App. 343.

Petitioner asks for a transcript of his trial. Since such a transcript is available and may be useful to the Petitioner in

---

**4.** Although age is an important factor, it, in itself, will not be sufficient to make a confession involuntary. *State v. Hance,* 2 Md. App. 162 and cases cited therein.

preparing his voluntariness contention, we believe that he should be provided such portions of the transcript as may be necessary. See *Long v. District Court of Iowa,* 385 U. S. 192, 87 S. Ct. 362, 17 L. Ed. 2d 290 (1966) ; *Roberts v. LaVallee, Warden,* 389 U. S. 40, 88 S. Ct. 194, 19 L. Ed. 2d 41 (1967) ; *Dennis v. Warden,* 243 Md. 104.

> *Application granted; case remanded for further proceedings consistent with the views here expressed.*