## RICHARD AVON BRISCOE AND TYRONE JOHN STOKLEY *v.* WARDEN, MARYLAND PENITENTIARY

[No. 10, September Term, 1967.]

*Decided February 16, 1968.*

Before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

Applicants for leave to appeal were indicted on January. 13, 1956, on a charge of murder arising out of a Christmas Eve slaying of a Baltimore grocer. They went to trial on March 12, 1956, before Judges Cullen and Mundy, without a jury, after pleading "not guilty." On March 13 they were found guilty of murder in the first degree and were sentenced to life imprisonment. No motion for a new trial was made nor was an order for appeal filed.

On January 18, 1966, a petition for relief under the Uniform Post Conviction Procedure Act was filed as to Richard Briscoe. On March 7, 1966, a petition was filed by Tyrone Stokley. A joint evidentiary hearing was held on the petitions by Judge Joseph L. Carter on April 28, 1966, and August 3, 1966. He denied the petitions in orders filed on December 28, 1966. Application for leave to appeal the dismissals was thereafter timely filed with this court.

Petitioner Briscoe advances the following contentions:

1. Denial of effective assistance of counsel during a waiver of jurisdiction by the Juvenile Court.

2. The police coerced a statement from him.
3. His counsel was incompetent.

In regard to the first contention, the lower court correctly found that the juvenile court does not have jurisdiction of a capital offense; thus a waiver hearing was unnecessary. *Bean v. State,* 234 Md. 432.

Briscoe's second contention is that the police coerced a confession from him. The lower court held that this contention could not be raised under the Uniform Post Conviction Procedure Act, citing *Cheeseboro v. Warden,* 224 Md. 660. We disagree. Since the decision in *Mapp v. Ohio,* 367 U. S. 643 (1961), many matters formerly treated as procedural have now been elevated to the status of constitutional rights, and this is now the case with a contention of an involuntary confession. *Ledbetter v. Warden,* 234 Md. 643. Since Briscoe alleges the existence of certain facts which, if believed by the trier of fact, might establish that his statement was involuntary,[1] we deem it necessary to remand as to this issue for a determination by the court with respect to the voluntariness of Briscoe's statement. See *Hargis v. Warden,* 3 Md. App. 76.

The third contention, that his counsel was incompetent, was answered by the lower court under the standard of "farce" set forth in *Bryant v. Warden,* 235 Md. 658. This "standard" is no longer in effect in Maryland, having been changed by the

---

1. "I told him, said I don't know what you all talking about, I want to see my parents. So he took and got a little warm and he said, Well, we got all the facts against you, say we trying to help you; you don't give a statement, he said you are going to get the gas chamber."

"Mr. Briscoe: They didn't actually strike me with their hands, you know. They pushed me around with the hands, I'll say, and things."

"Mr. Briscoe: Told me, say make the statement and you help yourself. I asked could I see my mother. They told me I make a statement and they would let me see my mother, that they were trying to help me, wanted to help because they got evidence that I was the guilty one and they wanted to help me, so I make the statement and they would let me see my mother, which they didn't never let me do."

case of *Slater v. Warden*, 241 Md. 668, to a determination of whether "under all the circumstances of the particular case has the petitioner been afforded a genuine and effective representation." See *Nash v. Warden*, 243 Md. 700; *Pressley v. Warden*, 242 Md. 405; *Cherrix v. Warden*, 1 Md. App. 65; *Norris v. Warden*, 1 Md. App. 69. However, even under the new standard we do not believe that counsel was incompetent. The lower court found that counsel was competent, that any alleged errors were merely a matter of trial tactics. Error in trial tactics will not afford relief. *Tucker v. Warden*, 243 Md. 331; *McCoy v. Warden*, 1 Md. App. 108. The defense here was made exceptionally difficult by the number of witnesses placing the defendants at the scene of the crime and the confessions that were made and the competency of counsel must necessarily be viewed in the light of these circumstances.

Petitioner Stokley raises the following allegations in his petition:

1. The judgment, conviction and sentence were obtained by the State on fraud.
2. Evidence had been illegally seized.
3. No preliminary examination before a magistrate.
4. Perjured testimony by the State's witnesses.
5. The technique of identification at arrest and trial was unconstitutional.
6. Denial of counsel at the time of arrest and denial of a phone call.
7. His confession was forced by police.
8. His attorney was incompetent.
9. He was held incommunicado.
10. He was underaged (17 years old) and could not be tried in a criminal court.

The first and fourth contentions are merely bald allegations without any attempt to support them by facts. Thus, they will not be a basis for relief. *Austin v. Director*, 237 Md. 314.

The second contention could likewise be dismissed, and since all three were not raised at the hearing, they can be considered abandoned. *Szukiewicz v. Warden*, 1 Md. App. 61.

The third contention will afford petitioner no relief as there is no requirement that a preliminary hearing be had. It is not a necessary proceeding in obtaining a valid conviction. *Ferrell v. Warden,* 241 Md. App. 432.

The remaining contentions are denied for the reasons stated by the lower court in its memorandum, with the exception of the seventh and the eighth.

In regard to the eighth contention, as we have noted before, the standard for competency of counsel has changed from the old guideline of "farce." But even under the guideline set forth in *Slater v. Warden, supra,* we cannot say that counsel here was incompetent. The lower court found that petitioner was adequately represented, and we cannot say that this was clearly in error even under the new standard. The same situation was involved as was discussed in connection with applicant Briscoe.

As to the seventh contention—that his confession was coerced—the lower court in denying the contention relied on a dialogue from the trial as follows:

> "Direct Examination of Lt. Klemmick—
>
> Q. Now did you or any one in your presence use any force or violence upon the defendant Stokley in order to get him to make a statement?
>
> A. We did not.
>
> Q. Did any, were any promises made to the defendant Stokley in order to get him to make a statement?
>
> A. No.
>
> Q. Were any threats made to the defendant Stokley in order to get him to make a statement?
>
> A. No sir, there were not.
>
> Q. Were any inducements held out to the defendant Stokley in order to get him to make a statement?
>
> A. No, sir."

The court then said:

> "Furthermore, the petitioner took the stand at his trial and was cross-examined about his statement, but at no time made any allegation of force used by the police to obtain his statement."

In the transcript of the hearing, no evidence was adduced by Stokley that his confession was involuntary. The contention that it was involuntary must therefore be denied.

> *Application granted as to the petition of Briscoe (No. 1060) and case remanded for further proceedings in accordance with this opinion; application denied as to petition of Stokley (No. 1090).*