## CHARLES M. CARTER v. WARDEN, MARYLAND HOUSE OF CORRECTION

[No. 103, September Term, 1967.]

*Decided September 13, 1968.*

Before MURPHY, C.J., and ANDERSON, MORTON, ORTII, and THOMPSON, JJ.

PER CURIAM.

Petitioner was convicted on nine indictments charging robbery (first count) and four indictments charging larceny (third count). He was sentenced by Judge Edwin Harlan, sitting in the Criminal Court of Baltimore, to a total term later determined to be nine years. No appeal was taken from his convictions.

Petitioner filed his petition under the Uniform Post Conviction Procedure Act on August 24, 1966. A hearing was held

on March 10, 1967 before Judge James A. Perrott in the Criminal Court of Baltimore, and relief was denied in a memorandum and order filed on September 20, 1967. This application for leave to appeal was filed October 6, 1967.

Applicant raises the following contentions:

1. That the judgment, convictions and sentence aforesaid were imposed in violation of the Constitution and laws of the United States and of the Constitution and Laws of the State of Maryland;
2. That the State of Maryland and State officials along with the Baltimore City Police Department denied the Petitioner his rights as guaranteed by due process of law;
3. That at the time of his arrest Petitioner was not represented by counsel nor was he given the opportunity of his rights to have counsel present at his interrogation.
4. That while under the influence of alcohol statements were forced from him which were later used to convict him;
5. That a confession was obtained from the Petitioner by the use of physical brutality, beatings, fear and pain and sustained and protracted questioning;
6. That Petitioner upon his arrest asked the desk sergeant to contact his mother at home, which was denied him;
7. That he was confronted with the statement of a co-defendant to induce him to confess and was not at anytime advised of his right to counsel, right to remain silent or that what he said could be used against him;
8. That there was an unreasonable search of Petitioner's home "without showing owner a warrant to search home" which led to his conviction and violated his constitutional rights;
9. "That the trial judge errored in using Petitioner's illegal confession in evidence obtained by force from Central Police Department;"
10. That he was not brought before a judicial official until five days after his interrogation, thus denying him his constitutional rights;
11. That the Petitioner was denied a fair and impartial trial;
12. That Petitioner was "unproperly (sic) prepare by counsel: Petitioner had no assistance in preparing an appeal

or motion for a new trial. Counsel did not tell Petitioner of his rights to file a motion or appeal. Petitioner not having knowledge or a record of crime was awhere (sic) prepare by counsel, was taken advantage of. By his lack of education and ignorance of law.";

14. That the illegal conviction, judgment and sentence be set aside and the Petitioner be released from illegal confinement.

The application is granted and the case is remanded as to contentions four, five, six, seven and nine; as to the remaining contentions, the application is denied for the reasons stated by Judge Perrott in his memorandum.

When answering contentions four, five, six, seven and nine, relating to the involuntariness of the confession, Judge Perrott relied on the transcript of the original trial as well as the testimony given by the petitioner at the hearing, without mentioning in his memorandum those facts which he found, and upon which he now relies in his finding, that the confession was given fully and voluntarily and without force or coercion.

While we agree with the basic standard used by the lower court, we do not feel that the lower court has sufficiently answered the allegations of involuntariness. *Hargis v. Warden*, 3 Md. App. 76, 80, 237 A. 2d 807. Moreover, the lower court treated contentions six and seven as waived because petitioner failed to raise these contentions at the trial. Under Md. Code (1967 Repl. Vol.), Art. 27. sec. 645A (c) * * * "an allegation of error shall be deemed to be waived, when a petitioner could have made, but intelligently and knowingly failed to make, such allegation * * *, at trial * * * unless the failure to make such allegation shall be excused because of special circumstances." Here the lower court made no finding that the petitioner "intelligently and knowingly failed to make" such allegation at trial.

In view of *Hargis v. Warden, supra,* and the cases cited therein, we believe that the lower court should have made specific findings upon the contentions advanced.

It may be that the petitioner's allegations will be shown to be completely without merit upon further inquiry. However,

such must be shown since the issue has been raised below and must be passed on by this Court.

> *Application granted; case remanded for further proceedings consistent with the views here expressed.*