## JAMES EDWARD ROBINSON *v.* WARDEN, MARYLAND PENITENTIARY

[No. 163, September Term, 1967.]

*Decided September 13, 1968.*

Before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

MORTON, J., delivered the opinion of the Court.

The applicant was convicted of murder in the first degree on 18 December 1953 at a court trial in the Criminal Court of Baltimore. A motion for a new trial filed by him the same day was withdrawn on 11 February 1954 and he was sentenced to imprisonment for the balance of his natural life. The applicant did not appeal from the judgment. A petition for relief under the U.P.C.P.A. was filed on 15 September 1965 and an order of the Criminal Court of Baltimore of 2 November 1965 authorized that the petition be withdrawn without prejudice as requested by the applicant after conferring with his court appointed counsel. On 6 October 1967 the applicant again filed

a petition for relief under post conviction procedures and relief was denied by Judge Meyer M. Cardin after a hearing in the Criminal Court of Baltimore at which the applicant was represented by appointed counsel. He seeks leave to appeal from the denial of relief.

There was before the lower court five allegations presented in the petition and one allegation raised during the hearing:

    I. A confession was improperly admitted in evidence against the applicant;

    II. The grand jury which indicted the applicant was unconstitutionally impaneled;

    III. The applicant was arrested three days after the crime without a warrant;

    IV. The grand jury which indicted the applicant "was not from a true and honest cross-section of the community";

    V. Without the confession there was not sufficient evidence to sustain the conviction;

    VI. The applicant should not have been tried because he was "non compos mentis."

Allegations II-VI, inclusive are without merit. In allegation II the applicant relies on *Schowgurow v. State,* 240 Md. 121, but the legal principle enunciated in *Schowgurow* is not applied retroactively, except for convictions which had not become final before rendition of the opinion, 240 Md. at 132, and the applicant's case became final before the opinion was rendered. The applicant supports allegation III only by stating that his arrest was not made under authority of a warrant. A warrantless arrest for either a felony or a misdemeanor is valid under proper circumstances. *Robinson v. State,* 4 Md. App. 515. In any event, an illegal arrest does not affect the jurisdiction of the court and does not preclude a trial and conviction. *Nadolski v. State,* 1 Md. App. 304. Further, the applicant does not contend that "fruits" of the arrest were received in evidence against him, and if they were not, the legality of the arrest was immaterial. *Hutchinson v. State,* 1 Md. App. 362. And if they were, the hearing court found that the point was not raised at the trial on the merits. Md. Rules 1085. An objection to illegally seized evidence may be waived by failure to make timely objection.

*Gaudio and Bucci v. State,* 1 Md. App. 455. With regard to allegation IV the hearing court stated that it was "totally unsupported." See *Watson v. Warden,* 2 Md. App. 134; *Grayson v. State,* 1 Md. App. 548. Allegation V goes to the sufficiency of the evidence, which is not available under post conviction procedures. *Nixon v. Director,* 1 Md. App. 14. Of course, if the confession be found to have been improperly admitted in evidence, and the error not waived, the applicant would be entitled to a new trial in any event. The hearing court resolved allegation VI by referring to the report submitted by the Chief Medical Examiner of the Supreme Bench under date of 15 February 1954, almost two months after the verdict, in which it was the opinion of the examining physician that the applicant must be considered a responsible agent. But the case went to trial on the merits under a plea of not guilty, there being no plea alleging that the applicant was insane at the time of the commission of the alleged crime and/or that he was insane at the time of the trial, as required when it is desired to interpose the defense of insanity. Md. Code, Art. 59, § 7, then in effect.[1] The issue not being tried and decided at the trial, it would not have been available on direct appeal, Md. Rules 1085, and is not available under post conviction procedures.

With regard to allegation 1 the applicant alleged in his petition for relief that the confession used against him "was obtained in violation of the Due Process clause of the Fourteenth Amendment of the United States Constitution." The test by which the admissibility of the applicant's confession is measured is whether it was freely and voluntarily made at a time when he knew and understood what he was saying. *Fisher v. State,* 1 Md. App. 505. Compliance with the procedural safeguards of *Miranda v. Arizona,* 384 U. S. 436 was not required to render it admissible since the trial of his case began prior to 13 June 1966 and *Miranda* is not retroactive. *Johnson v. New Jersey,* 384 U. S. 719; *Boone v. State,* 3 Md. App. 11. But the Supreme Court, *Clewis v. Texas,* 386 U. S. 707, the Court of Appeals, *Cunningham v. State,* 247 Md. 404, and this Court,

---

1. See Ch. 709, Acts of 1967; *Strawderman v. State,* 4 Md. App. 689.

*Keller v. State,* 2 Md. App. 623 have looked to the totality of the circumstances when examining a confession. In support of his allegation the applicant claimed that he was 23 years of age (Age may be an important factor but the confession of an accused of much more tender years is not made involuntary because of age itself. *State v. Hance,* 2 Md. App. 162 and cases cited) ; that he was "unable to read or write" (This may be a factor to be considered but the applicant does not contend that this disability, assuming it to be factually correct, prevented him from knowing and understanding what he said) ; that he was born in a mental hospital (This fact, if true, is of no significance without more) ; that he was found to be mentally incompetent by doctors who examined him before trial (The record discloses no examination prior to trial. He was examined after verdict and found to be a responsible agent) ; that he was "interrogated for about three (3) days, even after giving a confession" (Interrogation after giving the confession is not relevant to its voluntariness. He makes no claim that prolonged interrogation forced the confession) ; and that he was not told he had a right to remain silent and that statements could be used against him at trial (*Miranda* was not applicable to him). The hearing court apparently considered the allegation as going only to the informing of the applicant as to his "available rights". It considered only this portion of the confession itself in holding that the allegation "lacked validity" :

> "As Lieutenant Kummer has already told, none of us are making any threats to you and we can't make any promises of any kind to you. What you say can be used either for or against you in court. Do you understand that?
> A. Uh! Huh!
> Q. Are you willing to answer my questions about this shooting?
> A. Yes, Sir!"

It said that "the only inference that can be drawn is that the petitioner was advised of all available rights and these were knowingly and intelligently waived." But the statement could only have come into evidence properly after a finding by the

trial court that it was freely and voluntarily made and we do not feel that portions of it can support an inference to show its voluntariness—a matter which must be determined preliminarily to its admission. See *Haley v. Ohio,* 332 U. S. 596. Nor, in any event, do we think that the quoted portions of the confession are sufficient to show that the applicant knowingly and intelligently waived his rights. See *Johnson v. Zerbst,* 304 U. S. 458. However, we need not reach the question of the voluntariness of the confession *vel non* because we find that the allegation of error with regard thereto was waived. The applicant took no direct appeal from the judgment and in his petition presented no special circumstances to excuse the failure to raise the allegation on direct appeal nor did he allege facts to overcome the presumption that he knowingly and intelligently failed to raise it. Md. Code (1967 Repl. Vol.) Art. 27, § 645A (c). The provisions of § 645A (d) are not here applicable. Therefore, allegation I affords him no relief and we deny the application. In so doing we distinguish *Hargis v. Warden,* 3 Md. App. 76 where we granted the application and remanded the case for specific fact findings. Hargis, 15 years of age, convicted of murder in the first degree and armed robbery and sentenced to life imprisonment and 20 years to be served concurrently, presented a specific charge in his petition of the inducement that "the confession would not hurt him" but "would help him in the eyes of the Judge" which was not met by the hearing court. In the instant case the applicant makes no specific charge that his confession was procured under a hope of favor or advantage if made, or fear or harm or disadvantage of some kind if withheld, nor does he allege facts sufficient to show that the confession was involuntary under the totality of the circumstances. And in *Hargis* we recognized the question of waiver, stating that "an inquiry into this issue by the lower court may be unavoidable." 3 Md. App. at 81. See *State v. Hance, supra.* In the posture of the applicant's petition we do not feel compelled to remand the case for further proceedings either on the issue of the voluntariness of the confession or the issue of waiver. *Jones v. Warden,* 2 Md. App. 343.

*Application denied.*