## CARSON FLOYD COOPER v. STATE OF MARYLAND

[No. 139, September Term, 1968.]

*Decided January 16, 1969.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*David S. Greene* for appellant.

*H. Edgar Lentz, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *John J. Garrity, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Carson Floyd Cooper, the appellant, received a sentence for ten years for robbery after having entered a plea of guilty to the charge in the Circuit Court for Prince George's County, Judge Robert B. Mathias presiding. The plea was entered on January 17, 1968 and was accepted by the court after a thorough questioning of Cooper, personally, as to the voluntary char-

acter of the plea and to his understanding of its nature and effect. While a pre-sentence investigation was pending, the trial judge received a letter on February 23, 1968 stating that Cooper wished to withdraw his guilty plea which he had previously entered. At the time of sentencing on March 25, 1968 the trial judge referred to the letter, but Cooper explained that he was emotionally upset when he wrote the letter; that he still wished to plead guilty and requested that the court should proceed with the sentencing. The trial judge again satisfied himself that the plea was voluntary and that Cooper understood the nature of the charge and the consequences of his plea.

On appeal Cooper concedes that his plea was voluntary but argues in view of his limited seventh grade education that he did not understand the effect of the plea insofar as it may have waived certain constitutional rights pertaining to an alleged illegal search and seizure which may have "strengthened the case for the state." He alleges that such a waiver could not be knowingly and intelligently made by a person of his lack of education. The Court of Appeals in *James v. State,* 242 Md. 424, 219 A. 2d 17 and this Court in *Wayne v. State,* 4 Md. App. 424, 243 A. 2d 19 and the recent case of *Duvall v. State,* 5 Md. App. 484, have followed the rule that the record must affirmatively show that the plea was voluntary and that the defendant understood the nature and effect of his plea. Neither the Court of Appeals nor this Court has gone so far as to require that the defendant must be in a position to write a treatise on what constitutional rights are waived by a plea of guilty before his plea can be accepted by the trial judge.

This record indicates that Cooper was 33 years of age; attended school through the seventh grade; could read and write; had received a copy of the indictment—understood the charge; was represented by retained counsel; had an opportunity to discuss the case with counsel and was satisfied with the advice of counsel; thought counsel had done all he could in Cooper's behalf; understood that he was entitled to a jury trial; he was not under the influence of any medication or drugs; had not been offered any rewards or inducements to plead guilty; understood what he was doing; the plea was entered only because he was guilty of the offense of robbery; and he knew that the maxi-

mum sentence was ten years. No more is required under any of the decisions of the Court of Appeals of Maryland or this Court; nor have we been referred to the decisions of any other court which require more than this record shows in this case.

Cooper further contends the case should be remanded for the purpose of making a determination as to whether or not an alleged illegal search and seizure induced his guilty plea. He specifically alleges, however, that the alleged illegal search and seizure only "strengthened" the case for the state. Since this issue was not presented to the trial judge there is nothing before us to review under Maryland Rule 1085, but we will point out even if such an illegal search occurred it would not, on the facts as alleged here, entitle the appellant to any relief. See *Ogle v. Warden,* 236 Md. 425, 426, 204 A. 2d 179 wherein the Court of Appeals said:

> "But the short answer is that no evidence was offered for the reason that none was necessary after the pleas of guilty. *Mapp v. Ohio,* 367 U. S. 643, relied on by the applicant, is simply not applicable to a case where the necessity for a trial is obviated. The mere fact of an illegal arrest is no ground for relief in any event. *Jackson v. Warden,* 235 Md. 689, 690. Where no 'fruits' of an arrest are used against an accused at his trial, the legality of his arrest is immaterial. *Bryant v. Warden,* 235 Md. 658, 659. See also *Cason v. Director,* 236 Md. 344. There is no claim that the guilty pleas were not voluntarily made. By pleading guilty, he waived all procedural objections, constitutional or otherwise. *Plitt v. Director,* 234 Md. 602; *McCoy v. Warden,* 234 Md. 616."

See also *Cherrix v. Warden,* 1 Md. App. 65, 227 A. 2d 50.

*Judgment affirmed.*