# WILLIAM FREDERICK EDWARDS *v.* STATE OF MARYLAND

[No. 371, September Term, 1968.]

*Decided June 27, 1969.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Hugh L. Reilly* for appellant.

*Bernard L. Silbert, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Benjamin R. Wolman, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

William Frederick Edwards, the appellant, was sentenced to a term of nine years after pleading guilty to robbery in the Circuit Court for Prince George's County, Judge Ernest A. Loveless presiding. On appeal, he contends that the plea was involuntary, and, therefore, the trial judge should have permitted its withdrawal.

Although Maryland has long followed the rule, recently enunciated by the Supreme Court, that there is reversible error where the record does not disclose that the defendant voluntarily and understandingly entered his guilty plea, *Boykin v. Alabama,* 395 U. S. 238, 89 Sup. Ct. 1709, 23 L.Ed.2d 274 (1969), this record shows clearly that the plea was voluntary. Maryland authorities are collected in *Church v. State,* 5 Md. App. 642, 248 A. 2d 907 and *Cooper v. State,* 5 Md. App. 638, 248 A. 2d 905. It is contended that the plea was involuntary because of two factors: (1) Edwards had an I.Q. of 76, and (2) the State's Attorney agreed to *nolle prosequi* other counts in the indictment in return for the guilty plea. We will discuss each of the contentions separately.

In *Cooper v. State, supra* and *Church v. State, supra,* we decided that persons with only a seventh grade education would not be held incapable of entering a guilty plea on that issue alone; and we do not think an I.Q. of 76 would make for a different rule, particularly since the pre-sentence report showed that Edwards completed the eighth grade of a military academy with a 75 average grade.

Edwards argues that since one of the Assistant State's Attorneys and his counsel agreed that several counts of the indictment, including armed robbery, would be dismissed if he should plead guilty to robbery, the plea was the result of a bargain and not voluntary. He cites no authority condemning this general practice, and we know of no case which was reversed solely on this ground. The discussion in the American Bar Association Project on Minimum Standards for Criminal Justice in its approved draft on *Pleas of Guilty*, Section 3.1 indicates there is nothing *per se* wrong with such practice provided, of course, the agreement is kept by the prosecutor. In the case at bar, Edwards alleges that he desired to withdraw his plea of guilty because after his plea was entered he was subsequently indicted on other charges not connected with the matters involved in the present case. The prosecutor handling the negotiations, however, testified, under oath, that he had no knowledge of any investigations concerning the other charges at the time the negotiations were carried on, nor even any knowledge thereof at the time he testified except such information as he had learned while he was in court. We think it obvious that a prosecutor conducting a plea negotiation does not make an implied guarantee that the accused will not subsequently be prosecuted on other charges of which he has no knowledge. We have carefully examined the record and find that the plea was entered knowingly and understandingly as is virtually conceded by counsel, except for the two points we have discussed.

*Judgment affirmed.*