SAMPLE *v.* STATE

[No. 425, September Term, 1963.]

*Decided July 8, 1964.*

The cause was argued before the entire Court.

*Russell J. White* for the appellant.

*John W. Sause, Jr., Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney for Baltimore City,* and *Andrew J. Graham, Assistant State's Attorney,* on the brief, for the appellee.

PER CURIAM.

The appellant, Alexander Sample, was sentenced to life imprisonment after being convicted of first degree murder in a nonjury trial in the Criminal Court of Baltimore. On this appeal he raises only the question whether there was sufficient evidence upon which the trial court could be convinced beyond a reasonable doubt, that the homicide was committed with deliberation and premeditation. We think this question must be answered in the affirmative.

The finding of fact by the trial court, sitting without a jury, that the evidence showed deliberation and premeditation beyond a reasonable doubt, will not be set aside by this Court unless clearly erroneous. Maryland Rule 886 a; *Cummings v. State,* 223 Md. 606, 610-611. It was conceded that the appellant armed himself with a butcher knife when he left his home to look for the victim, who, a short time previously, had been involved in a fight with the appellant's brother. There was testimony that when the appellant found the victim he waved the

knife and struck at him, but apparently missed. The victim then ran down an alley but was pursued by the appellant and another fight ensued during which the victim was stabbed twice. Several witnesses testified that they saw the appellant standing over the victim in the alley with a knife in his hand, and one witness stated that he saw the appellant "bring the knife up and down about two or three times". This evidence, and the proper and rational inferences therefrom, were such that the trial court could be fairly convinced beyond a reasonable doubt that the appellant had acted with premeditation and deliberation, and we cannot say that it was clearly in error in so finding. Cf. *Hyde v. State,* 228 Md. 209, 215-217.

The appellant argues that the incident happened too quickly for him to have had time to form a design to kill. But we have said, "if the killing is not the instant effect of impulse, if there is hesitation or doubt to be overcome, a choice made as a result of thought, however short the struggle between the intention and the act, the crime is sufficient to be characterized as deliberate and premeditated murder." *Faulcon v. State,* 211 Md. 249, 258. In the instant case the trial judge found that the design to kill originated when the victim ran away and the appellant pursued him, stabbing him not once, but twice. Again, we cannot say that the trial judge's finding was clearly in error.

*Judgment affirmed.*