## WALLER *v.* STATE

[No. 165, September Term, 1964.]

*Decided February 4, 1965.*

The cause was submitted to Prescott, C. J., and Hammond, Horney and Sybert, JJ., and Keating, J., Associate Judge of the Second Judicial Circuit, specially assigned.

Submitted on brief by *W. Emerson Brown, Jr., Llewellyn W. Woolford* and *Brown, Allen, Murphy & Russell* for the appellant.

Submitted on brief by *Thomas B. Finan, Attorney General, Loring E. Hawes, Assistant Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Edward G. Wyatt, Assistant State's Attorney,* for the appellee.

Horney, J., delivered the opinion of the Court.

The appellant was convicted by the Municipal Court of Baltimore City of an assault and battery (herein called "first") on a sleeping female patient after he had entered a hospital at an early morning hour under the pretense of locating the accident room and was sentenced to a term of three years. On appeal to the Criminal Court of Baltimore, this charge was tried *de novo* jointly with a similar offense under an indictment charging the appellant with assault and battery (herein called "second") on another female patient. The appeal to this Court is from the judgment entered on a verdict of guilty in each case. Concurrent sentences of not more than three years in the Institution for Men were imposed by the lower court.

All of the questions presented by appellate counsel on behalf of the appellant as well as those he incorrectly undertook to raise himself by way of "questions [he] would like the Court of Appeals to consider for [him]" relate to the sufficiency of the evidence to sustain the convictions.

Since the first assault and battery conviction does not involve any of the situations specifically set forth in Code (1964 Cum. Supp.), Art. 5, §§ 12 and 12A(1)-(6), permitting review by us of appeals from the Criminal Court of Baltimore tried there on appeal from the Municipal Court of Baltimore City, this

appeal insofar as it relates to the conviction for the first assault and battery must be dismissed. Moreover, since it is apparent that the questions raised here do not render it desirable and in the public interest that the first assault and battery conviction should be reviewed, the appeal from that conviction will not be treated as an application for certiorari pursuant to the provisions of Code (1964 Cum. Supp.), Art. 5, § 21. But *cf. Moulden v. State,* 217 Md. 351, 142 A. 2d 595 (1958). Even if a review of the first assault and battery conviction were permissible, the result would not be different in light of the evidence presented by the State.

As to the second assault and battery conviction, there was also legally sufficient evidence on which the jury could have properly based a verdict of guilty beyond a reasonable doubt. *Wright v. State,* 222 Md. 242, 159 A. 2d 636 (1960), *cert. den.* 364 U. S. 920 (1960). The appellant, having been found under a bed by a hospital employee, was positively identified by an eyewitness, who shared the same room with the victim, as the person who committed the assault and battery. This was enough to support the verdict of the jury. *Coates v. State,* 232 Md. 72, 191 A. 2d 579 (1963).

> *Appeal from judgment entered on first assault and battery conviction dismissed; judgment entered on second assault and battery conviction affirmed.*