## WALLER *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 76, September Term, 1965.]

230

*Decided October 21, 1966.*

Before HAMMOND, C. J., and HORNEY, MARBURY, BARNES and McWILLIAMS, JJ.

HORNEY, J., delivered the opinion of the Court.

In the original application for leave to appeal from the order denying Melvin D. Waller post conviction relief from his imprisonment for assault, the applicant contended as he did below: (1) that he was not confronted with the witness Yetta Schaeffer; (2) that he was never identified in the Phyllis Marcum case; (3) that his rights were violated by the remarks of

the State's Attorney; (4) that he was entitled as a matter of law to a directed verdict in the Marcum case; and (5) that his trial and appellate counsel, both court-appointed, were incompetent. Subsequently, however, two other contentions made by the applicant in proper person were received by the Clerk of this Court following the receipt of the original application for leave to appeal. In one, he merely cited *Pointer v. Texas,* 380 U. S. 400 (1965), apparently as an addendum to the first contention. In the other, the contention is, [6], that he was indicted by an illegally constituted grand jury.

The application for leave to appeal will be denied as to the first four contentions for the reasons stated in the opinion filed by Judge Sklar in the lower court. With further reference, however, to the first contention: if, in citing *Pointer,* it was the intention of the applicant to also contend that the right to be confronted with the named witness included the right to cross-examine her, we point out that the applicant, in expressly waiving (as the record shows he did) the right to be confronted by the witness, he necessarily also waived the right to cross-examine her. In so holding, we disagree with the inference that *Dutton v. State,* 123 Md. 373, 91 Atl. 417 (1914), is not distinguishable on the facts from the present case. In *Dutton* the right to be confronted with the witnesses against him was neither waivable nor waived under the facts of that case, but in the present case, where the applicant through his counsel stipulated in open court as to the testimony of the absent witness and consented to its being read into the record, it is apparent that the right of confrontation was not only waivable but was in fact waived.

With regard to the fifth contention—to the effect that his trial counsel and appellate counsel (on the direct appeal) were incompetent—it appears that the decision of the hearing judge was not entirely consistent with the existing law. While it was formerly the law that in order to raise a question in a post conviction proceeding as to the incompetence of counsel there either had to be an allegation of fraud or collusion on the part of defense counsel with a prosecution official or an objection to the incompetency in the trial court, that is not the law now. In *Hyde v. Warden,* 235 Md. 641, 202 A. 2d 382 (1964), it was

said that the requirement of an allegation of fraud or collusion or an objection or complaint is no longer recognized in a post conviction proceeding. In this case, nevertheless, it is clear that this contention is not sustainable in that there were only general allegations of incompetence and the evidence produced at the hearing failed to show such conclusive acts of incompetence as were required to prove inadequate or incompetent representation within the rule stated in *Bryant v. Warden* (235 Md. 658) to the effect that it is only when the representation is so deficient as to make a farce out of the trial that an accused is entitled to a new trial on the ground of inadequate representation.

The sixth contention—that the applicant was indicted by an illegally constituted grand jury—was undoubtedly inspired by the decision in *Schowgurow v. State*, 240 Md. 121, 213 A. 2d 475 (1965), wherein it was held that requiring belief in God as a qualification for service as a grand (as well as a petit) juror was unconstitutional. We point out, however, that *Schowgurow* also held that a challenge to the composition of a grand jury, except as to a conviction which had not become final before October 11, 1965, would not be applied retroactively. Since the conviction of the applicant became final on February 4, 1965, upon the filing of the opinion on direct appeal in *Waller v. State*, 237 Md. 426, 206 A. 2d 701 (1965), the last contention, like the other five, is also without merit. Moreover, since this post conviction proceeding is a collateral one, the filing of it did not have the effect of suspending the finality of the conviction for assault. Cf. *Thomas v. Warden*, 241 Md. 730, 217 A. 2d 356 (1966); *Sturgis v. Warden*, 241 Md. 728, 217 A. 2d 341 (1966); *Hamm v. Warden*, 240 Md. 725, 214 A. 2d 141 (1965).

*Application denied.*