## JONES *v.* WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 6, September Term, 1966.]

*Decided November 21, 1966.*

Before HAMMOND, C. J., and HORNEY, OPPENHEIMER, BARNES and McWILLIAMS, JJ.

PER CURIAM.

This is an application for leave to appeal from an order of the Circuit Court for Baltimore County denying relief sought

under the Uniform Post Conviction Procedure Act, Code (1957), Article 27, Section 645 A *et seq.* Petitioner had previously taken a direct appeal to this Court which affirmed his convictions of rape and assault in *Jones v. State,* 221 Md. 141, 156 A. 2d 421 (1959). At the post conviction hearing below, petitioner raised several questions additional to those raised in his former appeal, all involving the competency of his court-appointed counsel.

The test for measuring competency of counsel is whether, after examination of all facts of the case and the making of findings with respect thereto, it appears that the petitioner has been afforded adequate and effective representation. *Slater v. Warden,* 241 Md. 668, 217 A. 2d 344 (1966) ; *Hyde v. Warden,* 235 Md. 641, 202 A. 2d 382 (1964). Judge Proctor conducted a full hearing below and filed a thorough and thoughtful opinion which reveals that he carefully applied the test outlined above. For the reasons stated by Judge Proctor, petitioner's allegations with respect to the incompetency of his counsel are rejected.

In further support of his application for leave to appeal to this Court, petitioner urges that three prejudicial errors marred the conduct of the post conviction hearing below : (1) the court erred in admitting testimony as to petitioner's past criminal record and (2) in speculating as to the outcome of petitioner's trial had he not pled guilty; and (3) the court erred in refusing proffers of testimony of certain witnesses who did not appear at the hearing. The short answer to the first two of these contentions is that the admission of the evidence objected to was necessary in evaluating all of the circumstances of the case, as is required in the application of the competency test. As for petitioner's third contention, there is no evidence in the record to indicate what the proffers consisted of, who the witnesses were, on what facet of the case the testimony reflected or why the witnesses were absent. Bare assertions of error without substantiation in the record, afford no ground for relief. *Jackson v. Warden,* 242 Md. 725, 219 A. 2d 841 (1966).

*Application denied.*