## GEORGE GALLOWAY *v.* WARDEN, MARYLAND PENITENTIARY

[No. 29, September Term, 1967.]

---

*Decided November 22, 1967.*

Before Murphy, C. J., and Anderson, Morton, Orth, and Thompson, JJ.

Per Curiam.

The applicant was convicted of rape, four rogue and vagabond charges, two assaults with intent to murder, one burglary and an assault with a deadly weapon in the Criminal Court of Baltimore on September 26, 1945. He was sentenced to life imprisonment and a further term of thirty-seven years, to run concurrently with the life sentence. While he took no direct appeal from these judgments, he has filed three petitions for relief under the Post Conviction Procedure Act. This application for leave to appeal has been filed from the denial on April 13, 1967, of his third petition by Judge Joseph L. Carter in the Criminal Court of Baltimore.

In his third petition, the applicant raised these contentions:

1. That applicant's trial counsel was incompetent in failing to obey his request for a jury trial, in failing to call certain witnesses, and was biased against the applicant.
2. That he was denied his right to a jury trial by his counsel's insistence on making the decision to have a court trial.
3. That he was denied due process because he could not com-

prehend the legal procedures involved before and during his trial.

4. That he was denied his right of appeal because of procrastination on the part of his attorney in filing the appeal, and was given improper advice by him.
5. That the court denied him the right to fire his attorney, although he tried to do so.
6. That he was denied his right to a trial transcript in order to prepare his post conviction appeal.
7. That he was denied due process because he was without funds to locate alibi witnesses and had no power of subpoena to locate witnesses.
8. That he was denied due process because of the systematic exclusion of Negroes from the Grand Jury.
9. That he was denied a fair and impartial lawyer.
10. That he was unlawfully arrested and searched.
11. That his testimony in the trial transcript was inaccurate.

After conducting an evidentiary hearing, at which the petitioner was present with his attorney, and testified, Judge Carter denied the petition for the reason that the contentions therein raised had either been finally litigated or waived in prior proceedings taken to secure relief under the Act, and hence were without merit. Judge Carter held, additionally, that despite petitioner's testimony at the post conviction hearing to the effect that he did not testify at his trial, a copy of the transcript thereof showed that he did in fact so testify. Our examination of the proceedings convinces us that Judge Carter correctly disposed of the various allegations set forth in applicant's third petition.

The record indicates that applicant's first petition under the Act was denied by Judge James K. Cullen on May 29, 1959, and his application for leave to appeal was likewise denied. *Galloway v. Warden,* 221 Md. 611. Thereafter, applicant filed his second petition under the Act, which was denied by Chief Judge Dulany Foster on September 6, 1966, no application for leave to appeal being filed from that decision. While certain of the allegations contended in applicant's third petition were clearly "finally litigated" within the meaning of the Act by the decision in *Galloway v. Warden, supra,* and while other allegations not

raised in either the first or second petitions may be deemed "waived" under Section 645A (c) of the Act (no special circumstances being shown to excuse the failure to seasonably assert them), we do not believe that the issue of competency of counsel may be properly disposed of on either of those grounds and, accordingly, requires separate treatment.

In dismissing applicant's first application for leave to appeal, the Court of Appeals held that it could not consider the issue of incompetency of counsel in view of the decision in *Banks v. Warden*, 221 Md. 592. That case referred to *Legrand v. Warden*, 205 Md. 662, a habeas corpus proceeding in which the court refused relief because the petitioner had neither shown that he had complained of the competence of his counsel to the trial court, nor made any allegation of fraud, bad faith or collusion with the State on the part of his counsel. That standard for determining the question of competency of counsel has since been abandoned and the applicable test is whether, after a review of all the facts in a case, the petitioner was afforded adequate and effective trial representation. See *Jones v. Warden*, 244 Md. 720; *Hyde v. Warden*, 235 Md. 641; *Myers v. Director*, 233 Md. 621; *Ross v. Warden*, 1 Md. App. 46. While applicant's first petition raising competency of counsel was adjudicated with reference to the prior law, the contention was considered on its merits by Judge Foster after an evidentiary hearing at which applicant appeared and testified. Judge Foster concluded that incompetency of counsel had not been demonstrated, and the applicant did not seek leave to appeal from that determination. It is, therefore, doubtful that the issue has been "finally litigated" within the meaning of Section 645A (b) of the Act. In any event, applicant was afforded a further opportunity at his third hearing to establish incompetency of counsel. We have reviewed the transcript of that hearing and hold applicant again failed to make any showing that his counsel was incompetent.

*Application denied.*