## STEVEN RICHARD LIEVERS *v.* STATE OF MARYLAND

[No. 252, September Term, 1967.]

*Decided May 24, 1968.*

The cause was argued before MURPHY, C. J., and ANDER-
SON, MORTON, ORTH, and THOMPSON, JJ.

*Douglas N. Sharretts* for appellant.

*H. Edgar Lentz, Assistant Attorney General,* with whom
were *Francis B. Burch, Attorney General, Samuel A. Green,
Jr., State's Attorney for Baltimore County,* and *William Blon-
dell, Assistant State's Attorney for Baltimore County,* on the
brief, for appellee.

ORTH, J., delivered the opinion of the Court.

The appellant was charged under an indictment containing
three counts: 1st count—forging a certain check in the amount
of $400; 2nd count—uttering that check; 3rd count—obtain-
ing $400 by a false pretense. He was found guilty of the offenses
charged in counts one and two at a court trial in the Circuit
Court for Baltimore County and sentenced to imprisonment
for a term of 5 years on each offense, the sentences to run con-
currently. Upon the finding of the guilty verdicts the State en-
tered a *nolle prosequi* to the third count. See Maryland Rules,
711.

The only contention raised on appeal from the judgments is that the offenses of forgery and uttering merged into the offense of false pretense and therefore the convictions were improper, constituting reversible error.

This Court has stated that the common-law doctrine of merger is now not followed in Maryland but that a modern concept of merger of offenses has been adopted. *Chittum v. State,* 1 Md. App. 205. The true test under the modern doctrine is whether one crime necessarily involves the other. *Tender v. State,* 2 Md. App. 692. That is to say, when the facts necessary to prove a lesser offense are essential ingredients in establishing the greater offense, the lesser offense is merged into the greater offense. *Dunlap v. State,* 1 Md. App. 444. The rationale of the modern doctrine was set forth in *Tender v. State, supra,* at page 700:

> "We recognize that a person should not be twice punished for the same acts whether the offenses charged by reason of such acts be deemed to be inconsistent, duplicitous or to have merged."

Thus, with regard to merger, in a trial on multiple charges, the doctrine is applicable only to preclude multiple *convictions* on merged offenses. *Gee v. State,* 2 Md. App. 61, 71-72. In the instant case the appellant was not convicted of the offense of false pretense into which he alleges the forgery and uttering offenses merged. A *nolle prosequi* entered without the consent of the defendant after trial has begun operates as an acquittal. *Boone v. State,* 3 Md. App. 11, 26-27. Therefore the doctrine of merger did not apply. As the doctrine was not applicable, the forgery and uttering offenses did not, in any event, merge into the offense of false pretense and the contention of the appellant fails.

Furthermore, no prejudice resulted to the appellant by the entry of the *nolle prosequi* under the circumstances here present. Had the trial court found the appellant not guilty of the offense charged in the third count the same result would obtain. Had a verdict of guilty been returned on that offense and, assuming *arguendo,* that the offenses of forgery and uttering merged therein, the sentences imposed were not in excess of

the maximum permitted for the false pretense. Md. Code (1967 Repl. Vol.), Art. 27, § 142.[1] See *Knotts v. State,* 237 Md. 417.

*Judgments affirmed:*
*Appellant to pay costs.*

1. Under the provisions of § 142, in effect on 27 November 1964, the time of the commission of the offense here charged, the maximum sentence was 10 years when the value of the goods obtained by the false pretense was $100 or more. The value of the goods so obtained to permit a maximum sentence of 10 years was increased to $500 or more by Chapter 248 of the Acts of 1967 but that Act is not applicable to offenses committed prior to 1 June 1967.