## ALEXANDER SAMPLE *v.* WARDEN, MARYLAND PENITENTIARY

[No. 89, September Term, 1968.]

*Decided February 18, 1969.*

ANDERSON, J., delivered the opinion of the Court.

This is an application for leave to appeal from an order filed on July 18, 1968 by Judge Charles D. Harris, sitting in the Criminal Court of Baltimore, denying relief sought under the Uniform Post Conviction Procedure Act.

The applicant was tried and convicted of murder in the first degree on July 10, 1963. A motion for a new trial was heard and denied on December 17, 1963. On January 2, 1964 the applicant was sentenced to confinement in the Maryland Penitentiary for the period of his natural life, dating from October 22, 1962. On the same date, the applicant filed an appeal to the Court of Appeals of Maryland which raised only one issue, dealing with sufficiency of evidence. The Court of Appeals, on July 8, 1964, affirmed the lower court. *Sample v. State,* 235 Md. 554, 201 A. 2d 771 (1964).

On July 17, 1964, applicant filed a one-page handwritten petition seeking relief under the Uniform Post Conviction Procedure Act. In that petition the following contentions were made:

1. Petitioner's arrest was illegal.
2. Petitioner was coerced into signing a statement.
3. Petitioner was not represented by counsel at the preliminary hearing nor at his arraignment.
4. Trial counsel advised petitioner to testify according to the contents of the statement petitioner had signed under pressure by the police.

The hearing on the petition was held on March 18, 1965 before Judge Cardin, at which hearing petitioner was represented by able and experienced counsel. In his opinion and order filed April 22, 1965, denying relief, Judge Cardin stated that petitioner had raised the following contentions:

1. That the verdict of the trial court was against the weight and sufficiency of the evidence.

2. That counsel did not represent petitioner adequately.

3. That certain witnesses perjured themselves and did not fully disclose the truth.

Judge Cardin disposed of these latter contentions in his opinion. However, contrary to Maryland Rule BK45, no mention is made in the opinion of the contentions numbered one, two, and three which were set out in the original petition.[1] The applicant filed no application for leave to appeal from the order of Judge Cardin; consequently, the order was not reviewed.[2]

On March 12, 1968, the applicant filed a second petition under the Act, raising the following contentions:

1. That petitioner was illegally arrested.

2. That the confession given by petitioner was not given freely, knowingly, or intelligently.

3. That the police took petitioner to the scene of the alleged crime instead of the police station.

4. That petitioner was indicted by a grand jury that was not a true and honest cross section of the community.

5. That petitioner's trial counsel was incapable of effective representation as a conflict of interest resulted from his representation of petitioner's co-defendant.

6. That petitioner's counsel was incompetent.

Judge Harris, dismissing the petition without a hearing, found the applicant's sixth contention to have been "finally litigated and found to be without merit in the post conviction application previously denied by Judge Cardin." Our view is that this con-

---

1. Maryland Rule BK45, as construed by this Court, requires that the lower court consider all grounds asserted for post conviction relief, and that even as to abandoned contentions the court should include a statement to that effect. *Ross v. Warden*, 1 Md. App. 46, 227 A. 2d 355 (1967). The same interpretation of Rule BK45 was in effect at the time of the hearing. *Duff v. Warden*, 234 Md. 649, 200 A. 2d 78 (1964).

2. We note the failure to follow Rule BK45 merely to clarify the course of the proceedings to the present time. As our discussion *infra* indicates, such failure is not dispositive of this case.

tention cannot be deemed to have been finally litigated under the provisions of Md. Code, Art. 27, § 645A (b) as there has been no decision on the merits thereof by the Court of Appeals or this Court either upon direct appeal or upon consideration of an application for leave to appeal under post conviction proceedings, or by a court of original jurisdiction upon a petition for a writ of habeas corpus or writ of error *coram nobis*.

Neither has the applicant waived the allegation. An allegation of error is to be deemed waived when a petitioner could have made, but knowingly and intelligently failed to make the allegation before trial, at trial, on direct appeal (whether or not the petitioner actually took such an appeal), in any habeas corpus or *coram nobis* proceeding actually instituted by the petitioner, in a prior petition under this subtitle, or in any other proceeding actually instituted by said petitioner, unless the failure to make the allegation is excused because of special circumstances. Md. Code, Art. 27, § 645A (c). The allegation which we are now considering, viz., incompetence of the applicant's trial counsel, clearly could not have been raised before trial. Although it could have been raised at trial, it does not have to be raised at trial in order to be available as a ground for post conviction relief. *Galloway v. Warden,* 2 Md. App. 467, 469, 470, 235 A. 2d 309 (1967) (by implication) ; *Waller v. Director,* 244 Md. 229, 231-32, 223 A. 2d 265 (1966) ; *Hyde v. Warden,* 235 Md. 641, 646, 201 A. 2d 496 (1964). Thus it is evident that failure to raise the contention at trial does not result in its waiver. Although the applicant did prosecute a direct appeal from his conviction and failed to raise the issue of incompetence of counsel, such failure does not amount to waiver, for this Court has not entertained such issue on direct appeal where it was not raised below. *Hammer v. State,* 3 Md. App. 96, 238 A. 2d 567 (1968) ; *Harris v. State,* 2 Md. App. 408, 409, 234 A. 2d 781 (1967). The applicant has not instituted any habeas corpus or *coram nobis* proceeding. He has not failed to raise the contention in his prior post conviction petition. He has not actually instituted any other proceeding regarding his conviction.

In *Galloway v. Warden, supra,* the applicant there was convicted of rape and other crimes. He prosecuted no direct appeal.

The applicant's first petition under the Uniform Post Conviction Procedure Act was denied in 1959 after an evidentiary hearing, and his application for leave to appeal was likewise denied. Thereafter, the applicant filed his second petition under the Act, which was denied in 1966 after an evidentiary hearing, no application for leave to appeal being filed from that decision. The applicant's third petition was denied in 1967, again after an evidentiary hearing, on the grounds that all contentions had been either finally litigated or waived in prior proceedings. The allegation of incompetent counsel was made in each of the three proceedings. However, in the time between the first denial of leave to appeal in 1960 and the hearing of the second petition in 1966, the standard for determining the question of competence of counsel had been changed.[3] In considering Galloway's application for leave to appeal from the denial of his third petition, this Court stated, at p. 469, that:

> "While certain of the allegations contended in applicant's third petition were clearly 'finally litigated' within the meaning of the Act by the . . . [denial of leave to appeal from the order entered in the first proceeding] and while other allegations not raised in either the first or second petitions may be deemed 'waived' under Section 645A (c) of the Act . . . , we do not believe that the issue of competency of counsel may be properly disposed of on either of those grounds . . ."

It is apparent that the reason that the contention was not considered "finally litigated" was that no application for leave to appeal was filed following the hearing on the second petition, in which hearing the judge had applied (and properly so) the new standard governing competence of counsel. See *Galloway v. Warden, supra,* at 470; Maryland Code, Art. 27, § 645A (b) ; and our discussion of "finally litigated," *supra.* This

---

3. Compare *Legrand v. Warden,* 205 Md. 662, 109 A. 2d 908; *Banks v. Warden,* 221 Md. 592, 155 A. 2d 697 (1959); *Galloway v. Warden,* 221 Md. 611, 157 A. 2d 284 (1960) with *Hyde v. Warden,* 235 Md. 641, 202 A. 2d 382 (1964); *Jones v. Warden,* 244 Md. 720, 224 A. 2d 274 (1966).

Court's refusal to dispose of the allegation by use of the waiver provision of § 645A (c) resulted also from the fact that he had presented the contention in both his second and third petitions (after the competence standard had been changed), even though he had not applied for leave to appeal from the denial of relief in the second proceeding. The court denied Galloway's application after reviewing the transcript of the evidentiary hearing on the third petition, holding that he had again failed to show that his counsel was, in fact, incompetent. In the instant case, which presents somewhat similar facts, that route is not available since, as indicated above, no hearing was held on Sample's second petition, the one under consideration here. Thus, for the foregoing reasons, a hearing on the contention of incompetence of counsel must be held, and findings of fact made. Since the fifth contention raised by the applicant is directly and closely related to the sixth contention, the hearing properly will encompass the issue there raised.

Judge Harris found that applicant's first, second, third, and fourth contentions had been waived since no special circumstances were alleged to excuse his failure to previously raise them. See Md. Code, Art. 27, § 645A (c). While we think Judge Harris correctly so ruled on the record before us, on remand the applicant should be afforded an opportunity to show, if he can, the existence of such special circumstances, so that these contentions may be considered on their merits.

Of course, the contentions raised in the first post conviction proceeding which are not raised in the applicant's present petition are not before us for review.

> *Application granted; case remanded for further proceedings consistent with this opinion.*