## JOHN JOSEPH O'CONNOR *v.* WARDEN, MARYLAND PENITENTIARY

[No. 46, September Term, 1968.]

*Decided April 25, 1969.*

*John Joseph O'Connor pro se.*

*Francis B. Burch, Attorney General,* and *Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* for respondent.

MURPHY, C.J., delivered the opinion of the Court.

This is an application for leave to appeal from an order filed on May 7, 1968 by Judge Samuel W. H. Meloy, sitting in the Circuit Court for Prince George's County, denying relief sought under the Uniform Post Conviction Procedure Act.

The applicant was tried on April 19, 1966, under an indictment charging him with housebreaking, grand larceny and receiving stolen goods. He was found guilty by a jury on the larceny count and was sentenced by the court to ten years imprisonment in the Maryland House of Correction. On appeal, this court found that the State's witness, Paulette Ann Kurtz, had been an accomplice to the crime; that her testimony was sufficiently corroborated and that the trial judge's instructions to the jury were not so confusing as to be erroneous, and affirmed the conviction. *O'Connor v. State,* 1 Md. App. 627.

Applicant filed a petition for post conviction relief on November 27, 1967, contending that:

1. He was denied the right to effective assistance of trial counsel.
2. He was denied the right to effective assistance of counsel on appellate review.
3. There was an illegal search of petitioner's residence and things seized incident thereto were illegally admitted in evidence.
4. Evidence found in the apartment of an accomplice, George Tullis, was illegally admitted at the trial.
5. Evidence and/or testimony given concerning George Tullis, deceased at the time of the trial, was inadmissible because he was not charged on the indictment as an accomplice and was not available for cross-examination.
6. He was denied the right to an effective appeal because a full transcript was not made available to him.
7. He received an illegal sentence of ten years' imprisonment since the evidence showed that he was guilty only of petty larceny and not grand larceny.

At the hearing on the petition, the applicant raised three additional contentions, that:

8. The jury rendered an improper verdict because petitioner could not be found guilty of larceny since he was acquitted of housebreaking.
9. The State's key witness, Paulette Ann Kurtz, gave

testimony at the trial against the petitioner under duress, a fact unknown at the trial.

10. The State's key witness, Paulette Ann Kurtz, perjured herself at the trial because she had vowed to "get even" with petitioner.

In his memorandum opinion denying relief Judge Meloy concluded that all but applicant's second, sixth and ninth contentions had been waived under Maryland Code, Article 27, Section 645A(c) by failure to raise them on direct appeal. As to the remaining allegations, an evidentiary hearing was conducted by Judge Meloy, at the conclusion of which he held that none of the remaining contentions were meritorious. Specifically, with respect to applicant's sixth contention, Judge Meloy found that the claim was based upon the assertion that certain supplemental jury instructions were not included in the record forwarded to the Court of Special Appeals. Judge Meloy ruled, however, that the missing portion of the transcript did not prejudice applicant's appeal since, at the most, the supplemental instructions related to the inconsistency in finding a verdict of guilty on both the larceny and receiving counts. As the applicant was found guilty only on the larceny count, we agree that there was no prejudice to applicant by the failure to include the supplemental jury instructions in the record on appeal.

The lower court, in concluding that there was no merit to applicant's ninth contention (that Paulette Kurtz, the State's key witness, gave testimony at the trial under duress), heard testimony from several inmates at the Maryland Penitentiary to the effect that Miss Kurtz admitted to them that she had been forced to testify against the applicant at his trial. There was testimony, on the other hand, from a police officer and from applicant's trial counsel which indicated that Miss Kurtz had not testified under duress. Judge Meloy disbelieved applicant's witnesses and believed the State's witnesses and, accordingly, this being a matter of credibility, we see no error in the lower court's conclusion.

With respect to applicant's second contention (that applicant's court-appointed appellate counsel was incompetent), the court held that petitioner offered no evidence at the hearing which

even remotely suggested that counsel did not competently present his case to the Court of Special Appeals. The lower court concluded that the record demonstrated that the petitioner was competently represented on his direct appeal and concluded that the allegation was nothing more than a bare unsupported contention. We believe the court's conclusion to be essentially correct with the qualification hereinafter noted.

### The Allegation That Trial Counsel Was Incompetent

We think the lower court erred when it concluded that the petitioner's failure to assert the incompetency of his trial counsel on appeal constituted a waiver of that contention under Section 645A(c) of the Act.[1] It has been repeatedly held that the allegation that trial counsel was incompetent need not be raised either at trial or on direct appeal in order to be available as a ground for relief under a first petition instituted under the Post Conviction Procedure Act. In other words, the failure to raise the contention at the trial or on appeal does not result in its waiver. See *Sample v. Warden*, 6 Md. App. 103, and cases there cited.

---

1. Section 645A(c)

"*When allegation of error deemed to have been waived.—* For the purposes of this subtitle, an allegation of error shall be deemed to be waived when a petitioner could have made, but intelligently and knowingly failed to make, such allegation before trial, at trial, on direct appeal (whether or not said petitioner actually took such an appeal), in any habeas corpus or coram nobis proceeding actually instituted by said petitioner, in a prior petition under this subtitle, or in any other proceeding actually instituted by said petitioner, unless the failure to make such allegation shall be excused because of special circumstances. The burden of proving the existence of such special circumstances shall be upon the petitioner.

"When an allegation of error could have been made by a petitioner before trial, at trial, on direct appeal (whether or not said petitioner actually took such an appeal), in any habeas corpus or coram nobis proceeding actually instituted by said petitioner, in a prior petition under this subtitle, or in any other proceeding actually instituted by said petitioner, but was not in fact so made, there shall be a rebuttable presumption that said petitioner intelligently and knowingly failed to make such allegation."

Nor is the scope of the contention any longer limited under the Act to allegations of fraud or collusion on the part of defense counsel with with a prosecution official; neither is it necessary that there be objection or complaint made by the accused during the trial to preserve the point for post conviction review. See *Waller v. Director,* 244 Md. 229; *Galloway v. Warden,* 2 Md. App. 467. We have consistently declined to consider the question of competency of trial counsel when raised for the first time on direct appeal for the reason, among others, that counsel has not been afforded an evidentiary opportunity to defend himself against the incompetency charge. See *Thompson v. State,* 6 Md. App. 50; *Boswell v. State,* 5 Md. App. 571; *Harris v. State,* 2 Md. App. 408. Our refusal on direct appeal to determine the constitutional adequacy of trial counsel does not preclude the accused from a determination of the question under post conviction proceedings where the determination may be made on factual findings by the lower court upon a hearing at which both the accused and his trial counsel would be afforded full opportunity to offer evidence and be heard.[2] We hold, therefore, that as to applicant's first contention the lower court improperly found a procedural waiver to exist under Section 645A(c) and, accordingly, it will be necessary that the case be remanded so that the lower court may properly determine the question on its merits. We point out that the test for determining the competency of trial counsel is no longer whether the representation was so deficient as to make a farce out of the proceedings, but whether, under all the circumstances of the particular case, counsel was so incompetent that the accused has not been afforded genuine and effective legal representation. *Reid v. Warden,* 5 Md. App. 199; *Green v. Warden,* 3 Md. App. 266.

### The Procedural Waiver of the Remaining Contentions

In holding that the applicant waived his third, fourth, fifth, seventh, eighth, and tenth contentions by failure to raise them

---

2. A waiver of this contention may, however, be found where a prior post conviction petition was filed but the issue of competency of trial counsel was not therein raised, and no special circumstances are set forth under Section 645A(c) to excuse the failure of the petitioner to raise the contention on his prior petition under the Act.

on direct appeal, Judge Meloy found as a fact that the applicant set forth no "special circumstances" to excuse the waiver. In his application for leave to appeal, applicant makes reference to a letter from his appellate counsel, the substance of which tends to indicate that the applicant wanted to raise certain contentions on direct appeal, but was prevented from doing so by his court appointed appellate counsel who suggested that such contentions need not be included among the grounds asserted on direct appeal, but could be raised on post conviction if the appeal failed. We cannot determine from this letter which contentions applicant wanted raised on direct appeal, but in any event the letter was not included in the record below and consequently is not properly before us at this time. It is nevertheless clear that with the exception of the claim that his trial counsel was incompetent, the other allegations (applicant's third, fourth, fifth, seventh, eighth, and tenth contentions) could properly be deemed waived under Section 645A(c) where no "special circumstances" excusing the failure to raise them at trial or on direct appeal are set forth. Specifically, with reference to applicant's third contention—that there was an illegal search and seizure of items found in his apartment—failure to properly object at trial to the introduction of such evidence (or, if objected to, and the point is not raised on a subsequent appeal) operates to bar any review of the question under the Act where no special circumstances are shown to excuse the failure to raise the question at trial or on direct appeal. See *Robinson v. Warden*, 5 Md. App. 68; *Archer v. Director*, 1 Md. App. 18.[3] We see nothing in *Kaufman v. United States*, 393 U. S. 812, compelling a change in the application of Maryland law governing the existence of procedural waivers, as explicated in *Jones v. Warden*, 2 Md. App. 343. If, on the other hand, applicant's appellate counsel was under the impression, and so advised the applicant, that he could raise the question of illegal search and seizure on post conviction, despite his failure to raise it on direct appeal, this may well be deemed by the post convic-

3. The record before us does not reveal whether there was an objection at the trial to the introduction of the allegedly illegally seized evidence.

tion hearing judge to constitute "special circumstances" to excuse the waiver under Section 645A(c).

As a remand of the case is necessary to determine the question of competency of trial counsel, the post conviction hearing judge should afford the applicant an opportunity to make a proper showing of "special circumstances" to excuse the waiver of his third, fourth, fifth, seventh, eighth, and tenth contentions, so that they may be considered on their merits. In this connection, we note that in no event could the contention that the applicant is confined under an illegal sentence be disposed of on the ground that the contention was waived, since under Maryland Rule 764 the court may correct an illegal sentence "at any time." It appears, however, that the applicant's claim that his sentence was illegal is, in reality, based on the insufficiency of evidence to prove grand larceny. If this is so, it is a mere allegation that the evidence was insufficient to support a grand larceny conviction and would not constitute a ground for relief under the Act. As to applicant's eighth contention, there is no legal basis to support applicant's conclusion that having been acquitted of housebreaking, he could not be convicted of grand larceny, since the doctrine of merger of offenses is applicable only to preclude multiple *convictions* on merged offenses. See *Tyler v. State,* 5 Md. App, 158; *Stewart v. State,* 4 Md. App. 565; *Lievers v. State,* 4 Md. App. 219.

> *Application for leave to appeal granted;*
> *case remanded for further proceedings in accordance with this opinion.*