# ALEXANDER SAMPLE *v.* WARDEN, MARYLAND PENITENTIARY

[No. 76, September Term, 1969.]

*Decided January 28, 1970.*

Before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Alexander Sample pro se.*

*Francis B. Burch, Attorney General,* and *Charles E. Moylan, Jr., State's Attorney for Baltimore City,* for respondent.

MORTON, J., delivered the opinion of the Court.

In *Sample v. Warden,* 6 Md. App. 103, this Court granted the applicant leave to appeal from an order of

Judge Charles D. Harris, sitting in the Criminal Court of Baltimore, denying relief under applicant's second Post Conviction petition. The case was remanded for a hearing and determination with respect to the competency of applicant's trial counsel. Judge Harris thereafter conducted a hearing at which applicant was represented by court-appointed counsel and concluded, in an extensive opinion, that the contention as to incomptency of applicant's trial counsel was without merit. For the reasons assigned by Judge Harris, we must deny the application for leave to appeal on this issue.

In the course of our opinion remanding the case, Judge Anderson, speaking for the Court, stated:

> "Judge Harris found that applicant's first, second, third and fourth contentions had been waived since no special circumstances were alleged to excuse his failure to previously raise them. See Md. Code, Art. 27, § 645A (c). While we think Judge Harris correctly so ruled on the record before us, on remand the applicant should be afforded an opportunity to show, if he can, the existence of such special circumstances, so that these contentions may be considered on their merits."

With respect to this phase of the case, Judge Harris stated in his Memorandum Opinion:

> "At his hearing on April 24, 1969, petitioner stated that he asked his attorney on the appeal, and the attorney who represented him for his first petition under the Post Conviction Procedure Act, to raise these allegations, and that they failed to do so. This Court feels, however, that this reasoning does not constitute special circumstances which prevented petitioner from raising these allegations."

Judge Harris then stated that the applicant was represented on direct appeal and in his first Post Convic-

tion proceeding by "well known and respected" attorneys; and that his court "is not empowered to conduct a collateral proceeding, under the Post Conviction Procedure Act, into the nature of petitioner's legal representation in his appeal to the Court of Appeals or the appeal from his second Post Conviction proceeding; and must therefore conclude that petitioner did receive effective and genuine representation from these two respected members of the Bar."

It is apparent that this rationale and conclusion do not meet the issue which was presented by the applicant's assertion that his counsel failed to raise the contentions he had sought to have reviewed on appeal and in his first Post Conviction Proceeding. If the hearing judge were convinced of the truth of applicant's assertion, either by finding it credible on its face or by having it confirmed by his counsel on direct appeal and by counsel in the first Post Conviction proceeding, such a factual situation would, in the absence of other compelling factors not apparent here, constitute, in our opinion, such special circumstances as would serve to rebut the statutory presumption of waiver. Md. Code, Art. 27, § 645A (c). On the other hand, if the hearing judge had before him testimony of those attorneys which refuted applicant's assertion and he felt the attorneys' testimony was credible, this would, of course, serve as a basis for a factual determination that the applicant did not ask that the issues be raised.

We are of the opinion, therefore, that the application for leave to appeal must be granted on this point and the case remanded for a further hearing at which the hearing judge may have the benefit of testimony on this factual issue from the applicant's attorneys on direct appeal and in the first Post Conviction proceeding.

> *Application for leave to appeal granted; case remanded for further hearing in accordance with this opinion.*