## TIMOTHY THEODORE HOLT v. STATE OF MARYLAND

[No. 598, September Term, 1981.]

*Decided January 12, 1982.*

The cause was submitted on briefs to MOYLAN, MOORE and WEANT, JJ.

Submitted by *Alan H. Murrell, Public Defender,* and *Michael R. Braudes, Assistant Public Defender,* for appellant.

Submitted by *Stephen H. Sachs, Attorney General, Diane G. Goldsmith, Assistant Attorney General, Andrew L. Sonner, State's Attorney for Montgomery County,* and *Robert L. Dean, Assistant State's Attorney* for *Montgomery County,* for appellee.

WEANT, J., delivered the opinion of the Court.

The appellant, Timothy Theodore Holt, was indicted for various sexual offenses, and assault and battery. He was tried by jury in the Circuit Court for Montgomery County in April of 1980, and was found guilty of third degree sexual offense, attempted third degree sexual offense, and assault and battery. On 1 October 1980 he was sentenced to ten years' imprisonment. A timely appeal was filed to this Court.

Appellant presents three issues for our consideration:

    I. Whether the trial court erred in refusing to instruct the jury with regard to voluntary intoxication.

    II. Whether the trial court erred in refusing to admit evidence that appellant's birth allegedly may have resulted from an incestuous relationship.

    III. Whether the trial court failed to merge appellant's assault and battery conviction with his third degree sexual offense conviction.

By virtue of our findings and the concession of the state that the trial court erred in refusing to instruct the jury on voluntary intoxication, we will reverse appellant's convictions for third degree sexual offense and attempted third degree sexual offense. We fail, however, to perceive any error that mandates reversal of appellant's assault and battery conviction.

I.

Appellant was found guilty of third degree sexual offense, attempted third degree sexual offense, and assault and battery. Third degree sexual offense is a specific intent crime, *see* Md. Ann. Code art. 27, § 464B (Cum. Supp. 1980), and attempted third degree sexual offense is a specific intent crime, *see Mayne v. State,* 45 Md. App. 483, 488, 414 A.2d 1, 4 (1980), *cert. denied,* 101 S.Ct. 1347 (1981); but assault and battery is a general intent crime, *Ott v. State,* 11 Md. App. 259, 266, 273 A.2d 630, 634 (1971). In the instant case, appellant requested the trial court to give an instruction with regard to voluntary intoxication and his ability to form a specific intent to commit the crimes in question. That court refused to comply with this postulation.

Appellant properly relies on Maryland Rule 757(b), which requires the trial court, if requested, to give advisory instructions which are supported by the evidence. *Blackwell v. State,* 278 Md. 466, 477, 365 A.2d 545, 551-52 (1976), *cert. denied,* 431 U.S. 918 (1977); *Couser v. State,* 36 Md. App. 485, 499, 374 A.2d 399, 406-07 (1977), *aff'd,* 282 Md. 125, 383 A.2d 389, *cert. denied,* 439 U.S. 852 (1978). Failure of the trial judge to give such requested instructions constitutes reversible error. *Gooch v. State,* 34 Md. App. 331, 335, 367 A.2d 90, 94 (1976), *cert. denied,* 280 Md. 735 (1977); *Mumford v. State,* 19 Md. App. 640, 641, 313 A.2d 563, 565 (1974). Our review of the record convinces us that the evidence generated the issue of voluntary intoxication. We are therefore constrained to reverse appellant's convictions of the two specific intent crimes — third degree sexual offense

and attempted third degree sexual offense — because the trial court failed to give the requested instruction on voluntary intoxication, which point of law is supported by the evidence in the instant case.

## II.

Appellant contends that, in addition to intoxication, his "principal theory at trial was that as a result of diminished mental capacity he was incapable of forming, or did not on the night in question form, the requisite intent for the crime charged." At trial he proffered testimony to show that his birth was the result of an incestuous relationship which he claims had "a natural tendency to establish the existence of mental incapacity." The trial court, however, refused to allow the testimony; we concur with that action.

At the present time diminished mental capacity is not recognized as a defense in Maryland, *see Swain v. State,* 50 Md. App. 29, 435 A.2d 805, 814 (1981).[1] Nevertheless, even if it were, we fail to see how the proffered testimony is relevant to such a defense. Relevant testimony is that which tends to establish a material proposition. *Ross v. State,* 276 Md. 664, 672, 350 A.2d 680, 686 (1976). Evidence that appellant suffered from borderline mental retardation was presented; whether his condition resulted from the fact that his birth was the result of an incestuous relationship is irrelevant. In addition, the proffered evidence may have aroused the jury's emotions of prejudice, hostility or sympathy. *See Tipton v. State,* 39 Md. App. 578, 585, 387 A.2d 628, 632-33, *cert. denied,* 283 Md. 739 (1978). In any case, the admission of such evidence was a matter within the discretion of the trial court. *See Tipton, supra,* at 586, 387 A.2d at 633. On the facts of the instant case, we cannot say the trial judge showed any abuse in this regard.

---

1. The Court of Appeals is considering this issue in Simmons v. State, (No. 55, September Term, 1981, argued November 6, 1981).

### III.

Appellant's final argument is that his conviction of assault and battery merged into his conviction of third degree sexual offense and attempted third degree sexual offense, and that he should therefore be acquitted of assault and battery. We disagree with this proposition.

First, however, we must concede that at the time of the convictions there was a merger of the third degree sexual offense and the attempted third degree sexual offense with the assault and battery, because the elements necessary to prove the crime of assault and battery are essential ingredients to the establishment of the third degree sexual offense and attempted third degree sexual offense. Nevertheless, we do not agree that the conviction of assault and battery by the jury must fall with our reversal of the greater offenses. Our reversal of these sexual offenses, as discussed above, is mandated by reason of the fact that they are specific intent crimes. We do not have this element in the crime of assault and battery; hence we do not think it should be reversed merely because of a merger which is brought about by the court and not the jury. Sentencing under the lesser crime will not lead to the problem of double jeopardy which the merger doctrine seeks to avoid. Sound reasoning does not dictate vacating the conviction for assault and battery as there will remain only one conviction on the merged offenses. In the case of *O'Connor v. Warden,* 6 Md. App. 590, 253 A.2d 434 (1969), Chief Judge Murphy, in speaking for the Court of Special Appeals, had this to say: "there is no legal basis to support applicant's conclusion that having been acquitted of housebreaking, he could not be convicted of grand larceny, since the doctrine of merger of offenses is applicable only to preclude multiple *convictions* on merged offenses." *Id.* at 597, 253 A.2d at 439. (Original emphasis.)

In our view the merger in this case was abrogated upon our reversal of the greater offenses and the crime of assault and battery stands alone. In speaking of the merger of a charge of assault with intent to rape and the criminal act of rape of which the defendant was acquitted, Judge Morton of

this Court in the case of *Stewart v. State,* 4 Md. App. 565, 244 A.2d 452 (1968), said:

> As the doctrine [merger] is applicable only when there have been convictions on each offense, and as the appellant was not convicted of rape, into which he alleges the assault with intent to rape merged, the doctrine has no application. For these same reasons, we recently declined to merge a conviction of assault with intent to rob into the crime of robbery where the defendant had not been convicted of robbery.

*Id.* at 569, 244 A.2d at 454.

It is our conclusion then, that the conviction for assault and battery should stand. In the event the state successfully seeks a conviction for sexual offenses, another merger would develop and resentencing on the resulting offense would be necessary. If no further conviction is accomplished, then resentencing for the assault and battery is required.

> *Conviction of third degree sexual offense and attempted third degree sexual offense reversed.*
> *Conviction of assault and battery affirmed and case remanded for further proceedings in accord with this opinion.*
> *Costs not to be reallocated as part of the judgment of this court pursuant to Maryland Rule 1082f.*