555 A.2d 1087

**Bruce Dwight WATKINS**

v.

**STATE of Maryland.**

**No. 1089, Sept. Term, 1988.**

Court of Special Appeals of Maryland.

April 4, 1989.

Diane G. Goldsmith, Assigned Public Defender, Baltimore, for appellant.

Beverly Peyton Griffith, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Andrew L. Sonner, State's Atty. for Montgomery County, Rockville, on the brief), for appellee.

Argued before GILBERT, C.J., and MOYLAN and WENNER, JJ.

MOYLAN, Judge.

The appellant, Bruce Dwight Watkins, was convicted by a Montgomery County jury of second-degree murder. He raises the single contention that the trial judge erroneously failed to instruct the jury that even an initial aggressor at the nondeadly level may yet claim self-defense if the other party escalated the fight to the deadly level.

Without rehearsing the at-times confused and sometimes inconsistent testimony of numerous witnesses, it is enough to point out that on September 16, 1987, the appellant and the homicide victim, Kenneth Gardner, engaged in a fight at the home of a third person. In the course of that fight, the appellant stabbed the victim several times, causing the victim's death.

According to many witnesses, the appellant was the initial aggressor, albeit at the nondeadly level. According to

the appellant, on the other hand, he was not the initial aggressor even at that level.  In any event, the fight commenced at the nondeadly level, whoever the initial aggressor may have been, and the jury was correctly instructed as to the availability of the defense of self-defense under those circumstances.

They were instructed that if the appellant had been initially attacked, he would ordinarily be entitled to respond, with appropriate force, in self-defense.  They were also told that if the appellant were the aggressor, however, he would not be entitled to claim self-defense.  So far, all was well.

The purely subsidiary issue, within the self-defense context, of whether a person is reasonable in his belief that he is in deadly peril or is reasonable in determining the degree of force necessary to fend off that peril, is not material to our decision here.  Where, within the self-defense context, the person defending himself *perceives reasonably* and *responds reasonably,* it is a case of perfect self-defense and the verdict is not guilty.  Where, on the other hand, the defender *unreasonably* (though honestly) *perceives* the danger or *unreasonably* (though honestly) *responds* with more than necessary force, it is a case of imperfect self-defense, which mitigates the level of blameworthiness down to the manslaughter level even though it does not totally exculpate.  The difference between exculpation and mitigation is not what matters in this case, however.  We are concerned rather with the objective entitlement to claim self-defense in the first instance, a common denominator consideration which applies to perfect self-defense and imperfect self-defense alike.

Although the appellant was on perilously thin ice in terms of preservation, we think the claim has been adequately preserved and we will address the merits.  Maryland Rule 4-325(e); *Gore v. State,* 309 Md. 203, 207–209, 522 A.2d 1338 (1987); *Bennett v. State,* 230 Md. 562, 568–569, 188 A.2d 142 (1963).

■ The appellant requested an instruction to the effect that even if he were found to be the initial aggressor at the nondeadly level but it was the victim who escalated the fight to the deadly level, he would still be entitled to invoke the law of self-defense. That is a correct statement of the law. As W. LaFave and A. Scott, *Criminal Law* (2d ed. 1986), points out at 459:

> "It is generally said that one who is the aggressor in an encounter with another—i.e., one who brings about the difficulty with the other—may not avail himself of the defense of self-defense. Ordinarily, this is certainly a correct statement, since the aggressor's victim, defending himself against the aggressor, is using lawful, not unlawful, force; and the force defended against must be unlawful force, for self-defense. Nevertheless, there are two situations in which an aggressor may justifiably defend himself. (1) A nondeadly aggressor (i.e., one who begins an encounter, using only his fists or some nondeadly weapon) who is met with deadly force in defense may justifiably defend himself against the deadly attack. This is so because the aggressor's victim, by using deadly force against nondeadly aggression, uses unlawful force." (Footnotes omitted).

*And see Tipton v. State,* 1 Md.App. 556, 562, 232 A.2d 289 (1967).

■ Although the vast majority of the witnesses testified that it was the appellant who first picked up the knife and stabbed the victim, the appellant testified otherwise. He stated that the victim was bigger than he, that the victim advanced upon him with a knife, that he wrestled with the victim for the knife, and that he stabbed the victim while the two of them were still locked in deadly embrace. Since the appellant did testify as a competent witness, there was obviously *some evidence* before the jury which, *if believed,* generated the issue calling for the requested instruction. The failure to give a requested instruction on a critical issue fairly generated by the evidence is reversible error. Maryland Rule 4–325(c); *State v. Faulkner,* 301 Md. 482, 505–

506, 483 A.2d 759 (1984); *Holt v. State,* 50 Md.App. 578, 580, 438 A.2d 1386 (1982).

JUDGMENT REVERSED AND CASE REMANDED FOR NEW TRIAL. COSTS TO BE PAID BY MONTGOMERY COUNTY.